OPINION OF THE COURT
Wachtler, J.
The relator has petitioned for a writ of habeas corpus based on his alleged unlawful detention in violation of CPL 30.30 (subd 2, par [a]), which sets forth one of the time limitations of the “speedy trial” statute. The questions on this appeal are whether a writ of habeas corpus may be used to claim a violation of CPL 30.30 (subd 2) and, if so, whether the relator’s detention is in violation of that provision. The trial court dismissed the writ, finding that the People were not in violation of any of the time limitations in CPL 30.30. The Appellate Division affirmed, without opinion, and the relator has appealed.
Relator William Ford was arrested in New York City on March 9, 1983. On March 10,1983 a felony complaint was filed with the Criminal Court charging him with burglary in the first degree and three criminal possession offenses. He was arraigned on the complaint on the following day. Being unable to post the bail fixed he remained and still remains in custody awaiting trial.
On March 25, 1983 an indictment was filed charging Ford with burglary in the second degree and two charges of criminal possession. He was arraigned on the indictment on April 8, 1983, and the case was adjourned for his omnibus motion. The trial court decided the omnibus motion on May 20, 1983.
On June 2, 1983, Ford moved to dismiss the indictment based on CPL 190.50 alleging that he had been denied the right to testify before the Grand Jury. Before a decision was rendered on this motion, Ford moved, on July 29,1983, to dismiss the first count of the indictment (the burglary count) as facially defective since it failed to allege that the unlawful entry into the dwelling was with the intent to commit a crime therein.
*124 On August 12, 1983 the trial court denied the June 2 motion to dismiss the indictment. On August 16, 1983 the court, with the consent of the People, dismissed the first count of the indictment as facially defective, and granted the People’s application to resubmit the charges to a Grand Jury. A superseding indictment was voted on August 19, 1983, and Ford was arraigned on this indictment on September 30, 1983.
On October 4, 1983 Ford moved to dismiss the indictment pursuant to CPL 30.30 (subd 1), or, in the alternative to be released from custody pursuant to CPL 30.30 (subd 2). On November 22, 1983 the trial court orally denied his motion and the People then stated that they were ready for trial. The trial court’s written decision found that of the 207 days which had elapsed between the commencement of the criminal action against Ford and his filing the speedy trial motion on October 4, 1983, 128 days were excludable under CPL 30.30 (subd 4, par [a]) on account of pretrial motions made by Ford. Thus, the court found no violation of the six-month provision in CPL 30.30 (subd 1, par [a]) or the 90-day provision in CPL 30.30 (subd 2, par [a]).
Ford then petitioned for a writ of habeas corpus, seeking his release based on the 90-day limitation in CPL 30.30 (subd 2, par [a]). The writ was issued and then dismissed by the trial court which relied on its decision denying Ford’s motion based on CPL 30.30. The Appellate Division affirmed the dismissal of the writ.
The threshold question on this appeal is whether a writ of habeas corpus may be used to claim a violation of CPL 30.30 (subd 2). Under this portion of the speedy trial statute, if the People are not ready for trial within certain prescribed periods, a defendant who “has been committed to the custody of the sheriff * * * must be released on bail or on his own recognizance, upon such conditions as may be just and reasonable”. This court has held that habeas corpus “does not lie to determine whether the right to a speedy trial has been denied in a pending criminal action” (People ex rel. Harrison v Greco, 38 NY2d 1025 [denying motion for leave to appeal]; see People ex rel. McDonald v Warden, 34 NY2d 554). In each of these cases however the relator was seeking to dismiss the indictment pursuant to *125 CPL 30.30 (subd 1) due to the People’s alleged failure to be ready for trial within the time periods prescribed by that portion of CPL 30.30. The rationale for denying habeas corpus relief in those cases where the relator relied on CPL 30.30 (subd 1) is that the speedy trial claim could be raised at the trial itself and on a direct appeal (People ex rel. McDonald v Warden, supra).
Where, as here, the relator seeks release pursuant to CPL 30.30 (subd 2) the rationale underlying the above-cited cases is not applicable. While a defendant may bring a pretrial motion to seek release based on a violation of CPL 30.30 (subd 2), he has no way to effectively appeal an adverse ruling. Obviously, once the defendant’s case is tried the legality of his pretrial detention is mooted and the relief guaranteed by CPL 30.30 (subd 2) would be academic on a direct appeal from a judgment of conviction. Thus, the present situation is one where “[departure from traditional orderly proceedings, such as appeal, should be permitted * * * by reason of practicality and necessity” (People ex rel. Keitt v McMann, 18 NY2d 257, 262).
The People also contend that habeas corpus relief should not lie here because a violation of CPL 30.30 (subd 2) does not lead to the “automatic release” of the defendant but instead gives the defendant only the right to be “released on bail or on his own recognizance, upon such conditions as may be just and reasonable”. While it is true that habeas corpus generally will lie only where the defendant would become entitled to his immediate release upon the writ being sustained (People ex rel. Kaplan v Commissioner of Correction, 60 NY2d 648), the plain meaning of CPL 30.30 (subd 2) is that a defendant’s showing of a violation of that section will result in the defendant’s release, either by a fixing of bail at an amount which the defendant can post or by a release of the defendant on his own recognizance. As the People concede, the words “upon such conditions as may be just and reasonable” do not give the trial court the right to maintain bail at an amount which the defendant is unable to meet.
Furthermore, even if CPL 30.30 (subd 2) were viewed in terms of requiring a “bail review”, habéas corpus would still be proper in light of our decisions allowing the use of *126 that writ to challenge a wrongful denial of bail or excessive bail (see People ex rel. Rosenthal u Wolfson, 48 NY2d 230; People ex rel. Klein v Krueger, 25 NY2d 497).
The remaining issue on this appeal is whether the writ should have been sustained due to the period of time between the commencement of Ford’s “commitment to the custody of the sheriff” and the October 4, 1983 motion asserting the speedy trial violations. The trial court’s opinion states that a total of 128 days in this period were excludable under CPL 30.30 (subd 4, par [a]) on account of three pretrial motions made by Ford: 39 days for the omnibus motion to suppress; 71 days for the motion to dismiss the indictment based on CPL 190.50; and, 18 days for the motion to dismiss the indictment, or in the alternative for release, based on CPL 30.30.
A review of the actual days excluded in the trial court’s opinion on account of the three motions reveals that the trial court erroneously “double-counted” 14 days. The 71 days excluded on account of the CPL 190.50 motion ran from June 2, 1983 to August 12, 1983. The 18 days excluded on account of the CPL 30.30 motion ran from July 29, 1983 to August 16, 1983. The 14-day period from July 29, 1983 to August 12, 1983 was excluded twice and thus the 128 days excluded by the trial court must be reduced to 114 days.
Ford has conceded that a two-day period from August 17, 1983 to August 19, 1983 should also have been excluded, and thus the total number of excludable days under the reasoning of the trial court is 116. Subtracting this number from the total of 207 days leaves 91 days, and thus the People were not ready for trial within the 90-day period prescribed by CPL 30.30 (subd 2, par [a]).* We need not reach the issue of whether the time for pretrial motions is properly excludable where there is a defect in the only felony count of the indictment since here there is a violation of CPL 30.30 (subd 2, par [a]) in either case.
*127 Accordingly, the order of the Appellate Division should be reversed, the petition granted, and the case remitted to the Supreme Court, New York County, for the granting of relief to relator in accordance with this opinion.
Chief Judge Cooke and Judges Jasen, Jones, Meyer, Simons and Kaye concur.
Order reversed, without costs, petition granted and matter remitted to Supreme Court, New York County, for granting of relief to relator in accordance with the opinion herein.

 Though not discussed by either party, it appears from the record that the commencement of Ford’s custody as defined in CPL 30.30 (subd 2) may have actually been one day prior to the commencement of the criminal action against him, which would mean that the total number of days prior to the People being ready for trial was 208. We need not resolve the question because we have found a violation of CPL 30.30 (subd 2, par [a]) even if 207 were the proper total number of days.