(September 20, 1990)

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. ROBERT J. ELLIS, JR., on Behalf of TIMMY ROBINSON, Appellant, v RICHARD KOEHLER, as Commissioner of the Department of Correction, Respondent.—In a habeas corpus proceeding seeking the release of a prisoner upon his own recognizance pursuant to CPL 30.30 (2) (a), the petitioner appeals from a judgment of the Supreme Court, Kings County (Aiello, J.), entered July 13, 1990, which, after hearing the argument of counsel, sustained the writ to the extent of reducing bail from $5,000 to $1,000, and, in effect, otherwise dismissed the proceeding.

Ordered that the judgment is reversed, on the law, without costs or disbursements, the writ is sustained, and the matter is remitted to the Supreme Court, Kings County, either to immediately fix bail in an amount which the prisoner can meet or to release the prisoner on his own recognizance in accordance with the holding of the Court of Appeals in People ex rel. Chakwin v Warden (63 NY2d 120), and to fix such other terms and conditions upon the prisoner's release as may seem to it just and proper.

It is undisputed that more than 90 days of delay in bringing the prisoner to trial on Kings County indictment No. 4350/90 have been found to be chargeable to the prosecution. Since that is the case, CPL 30.30 (2) (a) commands that the prisoner must be released on bail which he is capable of meeting or upon his own recognizance (see, People ex rel. Chakwin v

*Warden, supra).* Here, the Supreme Court reduced bail from $5,000 to $1,000, and, in effect, otherwise dismissed the proceeding, without making any determination as to the prisoner's financial status. Upon remittitur, the Supreme Court should take evidence with respect to the prisoner's financial status, and make findings as to the amount of bail which the prisoner can meet, if any. Bracken, J. P., Eiber, Balletta and Rosenblatt, JJ., concur.