■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. BENJAMIN BRAXTON, Appellant, v WARDEN, Respondent. [678 NYS2d 729] —In a habeas corpus proceeding, the petitioner appeals from an order of the Supreme Court, Queens County (Pitaro, J.), dated July 31, 1995, which denied his application for the issuance of a writ.

Ordered that the order is affirmed, without costs or disbursements.

The petitioner's contention that his indictment should be dismissed because he was denied his constitutional right to a speedy trial may not be raised in this habeas corpus proceeding, but rather could be raised as an issue on his appeal from his judgment of conviction (*see, People ex rel. Chakwin v Warden,* 63 NY2d 120; *People ex rel. McDonald v Warden,* 34 NY2d 554; *Matter of Kassebaum v Ali al-Rahman,* 212 AD2d 482). O'Brien, J. P., Thompson, Sullivan and Friedmann, JJ., concur.

(October 19, 1998)

■ MICHAEL ANZALONE, Respondent, v SOPHIA VARIS et al., Appellants. [678 NYS2d 736] —In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Nassau County (Alpert, J.), dated March 25, 1998, which denied their motion for summary judgment as untimely pursuant to CPLR 3212.

Ordered that the order is affirmed, with costs.

CPLR 3212 (a), as amended effective January 1, 1997, requires a motion for summary judgment to be made within 120 days after the filing of the note of issue, except with leave of court on good cause shown (*see,* CPLR 3212 [a], as amended by L 1996, ch 492). The plaintiffs filed their note of issue in December 1996. The defendants' motion for summary judgment, which was made in November 1997, was properly denied as untimely, as the motion was made more than 120 days after the effective date of the amendment to CPLR 3212 (a) and without a showing of good cause for the delay (*see, Krug v Jones,* 252 AD2d 572; *Borelli v Gegaj,* 248 AD2d 299; *Phoenix Garden Rest. v Chu,* 245 AD2d 164; *Auger v State of New York,* 236 AD2d 177, 179-180). Mangano, P. J., Joy, Friedmann and Goldstein, JJ., concur.