■ JOAN VIZZARI et al., Appellants, v HECTOR L. HERNANDEZ et al., Respondents. [707 NYS2d 324] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Orange County (Peter C. Patsalos, J.), dated February 22, 1999, which granted the defendants' respective motions to dismiss the complaint insofar as asserted against them as time-barred.

Ordered that the order is reversed, on the law, with one bill of costs payable by the respondents appearing separately and filing separate briefs, the motions are denied, and the complaint is reinstated.

Contrary to a prior decision and order of this Court, which was relied upon by the Supreme Court in dismissing the instant action in the order now under review, the Court of Appeals has determined that the infancy toll contained in CPLR 208 is effective notwithstanding steps taken by a legal representative to pursue an infant's claim (see, Henry v City of New York, 94 NY2d 275, revg 244 AD2d 93). Applying the infancy toll to the facts of this case, we find that the claims contained in the complaint were timely interposed. Bracken, J. P., Santucci, Altman, Friedmann and H. Miller, JJ., concur.

■ CLIFFORD WAGNER, Appellant, v CITY OF NEW YORK, Respondent, et al., Defendant. [706 NYS2d 128] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Richmond County (Mastro, J.), dated April 9, 1999, which granted that branch of the motion of the defendant City of New York which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, that branch of the motion is denied, and the complaint is reinstated insofar as asserted against the City of New York.

CPLR 3212 (a), as amended effective January 1, 1997, requires a motion for summary judgment to be made within 120 days after the filing of the note of issue, except with leave of court on good cause shown (see, CPLR 3212 [a], as amended by L 1996, ch 492). Here, the motion was made well after the 120-day period, without any showing of good cause for the delay. Thus, the motion should have been denied (see, Morhart v City of New York, 267 AD2d 438; Anzalone v Varis, 254 AD2d 381). Joy, J. P., Thompson, Goldstein and Feuerstein, JJ., concur.