◼ THE PEOPLE OF THE STATE OF NEW YORK ex rel. WILLIAM LA JOY, Appellant, v CHRISTINA BEZRUTCZYK, as Town Justice of the Town of Plattsburgh, Respondent. [783 NYS2d 883]— Carpinello, J. Appeal from a judgment of the Supreme Court (McGill, J.), entered April 8, 2003 in Clinton County, which dismissed petitioner's application for a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, after a hearing.

Petitioner was arrested in October 2002 on charges of aggravated unlicensed operation of a motor vehicle in the first degree, misdemeanor driving while intoxicated and driving left of pavement markings. At arraignment in Justice Court in the Town of Plattsburgh, Clinton County, petitioner pleaded not guilty to all charges, and bail was set in the amount of $15,000 cash or $30,000 bond. Subsequently, the aggravated unlicensed operation charge was dismissed and bail was reduced to $10,000

cash or $20,000 bond. In March 2003, petitioner filed this habeas corpus proceeding challenging the bail set as excessive, as well as the alleged failure of the People to comply with the speedy trial requirements of CPL 30.30. Supreme Court dismissed petitioner's application for a writ of habeas corpus. Petitioner appeals and we affirm.

Petitioner's subsequent trial and conviction on the charges in question make the issues of excessive bail and the alleged violation of CPL 30.30 (2) moot (*see People ex rel. Chakwin [Ford] v Warden, N.Y. City Correctional Facility, Rikers Is.*, 63 NY2d 120, 125 [1984]; *People ex rel. Jackson v Gastin*, 222 AD2d 312 [1995]; *People ex rel. Greenstein [Lewis] v Sheriff of Schenectady County*, 220 AD2d 190, 194 [1996]; *People ex rel. Sostre v Tutuska*, 31 AD2d 737 [1968], *lv denied* 23 NY2d 646 [1969]). Lastly, petitioner's speedy trial argument involving CPL 30.30 (1) is one properly for petitioner's direct appeal from the judgment of conviction (*see People ex rel. McDonald [Brill] v Warden, N.Y. City House of Detention for Men*, 34 NY2d 554, 555 [1974]; *People ex rel. Braxton v Warden*, 254 AD2d 381 [1998]). In any case, and assuming without deciding that Supreme Court erred in declining to consider petitioner's speedy trial arguments due to the absence of any decision on that issue in Justice Court, the record indicates that the People announced their readiness for trial well within the 90-day limit set by CPL 30.30 (1) (b). Petitioner was arrested and arraigned on October 21, 2002, and the People indicated their readiness for trial no later than November 21, 2002, remaining ready from that point on. As such, Supreme Court properly dismissed the petition.

Spain, J.P., Mugglin, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.