(March 31, 2005)

1 THE PEOPLE OF THE STATE OF NEW YORK ex rel. JEFFREY SUGARMAN, on Behalf of JOHN CHAVOUS, Petitioner, v WARDEN, Respondent. [791 NYS2d 455]—Writ of habeas corpus in the nature of an application to reduce bail upon Kings County indictment No. 4363/04, or for the detainee's release, pursuant to CPL 30.30 (2) (a), on the ground that the detainee is entitled to be released on his own recognizance because he cannot raise the bail which the Supreme Court, Kings County, set at $75,000.

Adjudged that the writ is sustained, without costs or disbursements, to the extent that the matter is remitted to the Supreme Court, Kings County, to release the detainee on his own recognizance, on condition that the detainee surrender his passport, and to fix such other terms and conditions upon the detainee's release as may seem to it to be just and proper, including but not limited to the issuance of an order of protection in favor of the alleged victim, in accordance with the holding of the Court of Appeals in *People ex rel. Chakwin v Warden, N.Y. City Correctional Facility, Rikers Is.* (63 NY2d 120 [1984]).

A finding having been made that more than 90 days of delay in bringing the detainee to the trial on Kings County indictment No. 4363/04 are chargeable to the prosecution, CPL 30.30 (2) (a) commands that the detainee be released on bail which he is capable of meeting, or upon his own recognizance (*see People ex rel. Chakwin v Warden, N.Y. City Correctional Facility, Rikers Is., supra*). H. Miller, J.P., Ritter, Goldstein and Crane, JJ., concur.