In the Matter of NICOLE M. DUVE, on Behalf of THE PEOPLE OF THE STATE OF NEW YORK, Petitioner, v JEROME J. RICHARDS, as Judge of the County Court of St. Lawrence County, Respondent. [917 NYS2d 744]—Spain, J. Combined proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to CPLR 506 [b] [1]) and action for a declaratory judgment to, among other things, prohibit respondent from enforcing an order prohibiting the People of the State of New York from presenting a particular matter to a certain grand jury.

After a home was burglarized in St. Lawrence County in December 2009, three people were charged by felony complaint with burglary in the second degree: Mickey Kerrick, Mitchell Printup and Louis J. Smith Jr. Smith entered into a plea bargain with petitioner, the District Attorney of St. Lawrence County, requiring his cooperation and testimony before the grand jury. Petitioner presented the burglary case to a grand jury, term 5, which was scheduled to end June 21, 2010. Before that term expired, petitioner moved in County Court to extend term 5 to July 21, 2010, in order to complete unfinished business regarding the burglary charges against Kerrick and Printup "and possible related matters against . . . Smith" (see CPL 190.15 [1]). That application was supported by a comparable affidavit by the jury foreperson. Respondent granted the requested extension by order dated June 21, 2010.

At a July 1, 2010 appearance in County Court requested by respondent, petitioner's assistant was questioned by respondent about the status of the unfinished business underlying the extension order. Based upon the Assistant District Attorney's responses,[1] respondent amended the extension order to exclude therefrom any matters against Smith other than his involvement in the underlying burglary, having concluded that Smith's alleged act of committing perjury or contempt during his grand jury testimony was an additional, new crime and not unfinished business related to the burglary (see CPL 190.15 [1]; People v Williams, 73 NY2d 84, 89-90 [1989]). After the extended term expired, petitioner commenced in this Court this combined proceeding seeking a writ of prohibition preventing respondent

1. The Assistant District Attorney reported that the burglary case against Printup and Kerrick was completed, but the People intended to present criminal contempt and perjury charges in relation to Smith's testimony to that grand jury.

from, among other things, enforcing the amended order and action for declaratory judgment declaring that respondent lacked the authority to issue the amended order.

Initially, a declaratory judgment "action must be commenced in Supreme Court and not in this Court" (*Matter of Steiner v Supreme Ct. of Ulster County*, 87 AD2d 703 [1982]; *see* CPLR 3001).[2] As petitioner's declaratory judgment action was improperly commenced in this Court, that claim would be subject to transfer to Supreme Court except that there is no "actual controversy" (*Long Is. Light. Co. v Allianz Underwriters Ins. Co.*, 35 AD3d 253, 253 [2006], *appeals dismissed* 8 NY3d 956 [2007], 9 NY3d 1003 [2007] [internal quotation marks omitted]).

Given the expiration of the extended grand jury, term 5 on July 21, 2010 and Smith's indictment by a subsequent grand jury, this entire combined proceeding is moot as it does not involve a determination of "the rights of persons which are actually controverted in a particular case pending before [any] tribunal" (*Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 713 [1980]; *see Matter of Schermerhorn v Becker*, 64 AD3d 843, 844 [2009]), i.e., "the rights of the parties will [not] be directly affected by the determination . . . and the interest of the parties [will not be] an immediate consequence of the judgment" (*Matter of Hearst Corp. v Clyne*, 50 NY2d at 714).

We decline petitioner's request to invoke the exception to the mootness doctrine (*see id.* at 714-715). While a court's limitation of an order extending a grand jury term based upon its inquiry into the focus of the presentation is a situation that may recur, petitioner has not persuaded us that there is a sufficient "likelihood of repetition" of these circumstances (*id.* at 714). Likewise, we do not find that this is a "phenomenon typically evading review" (*id.* at 715). No case law supports petitioner's argument in that regard. Notably, petitioner could have immediately, by order to show cause and petition, commenced a declaratory judgment action in Supreme Court (*see* CPLR 3001) or a prompt CPLR article 78 proceeding in this Court (*see* CPLR 506 [b] [1]), seeking temporary injunctive relief staying enforcement of the amended order, and presented the disputed matter to the grand jury,[3] rather than waiting until *after* the extended term had expired; thus, the matter would not necessarily have

---

**2.** In limited instances, a declaratory judgment action may be commenced in lower trial courts (*see* Connors, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3001:20).

**3.** Any indictment so obtained would be subject to a defendant's motion to dismiss (*see e.g. People v Williams*, 73 NY2d at 88, 91).

evaded review (*see e.g. Matter of Cloke v Pulver*, 243 AD2d 185, 187 [1998]).

Finally, while the precise issue presented by petitioner on these facts appears novel, we are not convinced that it is so important or substantial as to warrant invocation of the mootness exception. Indeed, petitioner was able to successfully present the matter to a subsequent grand jury.

Mercure, J.P., Peters, Malone Jr. and McCarthy, JJ., concur. Adjudged that the petition is dismissed, without costs.