■ In the Matter of JOHN M. STAGE, Petitioner, v THOMAS P. DINAPOLI, as State Comptroller, et al., Respondents. [926 NYS2d 922]—Kavanagh, J.

Petitioner, a correction officer, applied for performance of duty disability retirement benefits after suffering two heart attacks. After it was determined that his disability was not work related, petitioner's application was denied. He subsequently requested a hearing and a redetermination, at which time petitioner sought to submit a medical report regarding his cardiac condition. Because the medical report had not been submitted by petitioner to respondent New York State and Local Retirement System within 45 days of the Retirement System acknowledging his request for a hearing, the Hearing Officer found that an administrative rule prevented him from considering it and denied petitioner's application (*see generally* 2 NYCRR 317.9 [b]). Respondent Comptroller accepted the Hearing Officer's findings and conclusions, and this CPLR article 78 proceeding ensued.

Respondents claim that the relief sought in the petition is moot because the Comptroller has agreed to administratively annul the determination made by the Hearing Officer and "return the matter to the hearing officer" so that the medical records can be considered in connection with petitioner's application. We agree, and conclude that petitioner has now been provided with all the relief he is entitled (*see Matter of Neeley v Town of Colonie*, 79 AD3d 1560, 1561 [2010]; *see also Matter of Duve v Richards*, 81 AD3d 1226, 1227 [2011]), namely, an annulment of the determination denying his application for benefits and a ruling stipulating that his medical reports would be admitted into evidence at the hearing. As for petitioner's claim that the matter is not moot, we note that should this administrative rule be used to bar the admission of medical reports in future proceedings, its application would be subject to appropriate appellate review (*see Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714-715 [1980]; *Matter of Cannon v City of Watervliet*, 263 AD2d 920, 921 [1999], *lv denied* 94 NY2d 756 [1999]; *Matter of Wellman v Surles*, 185 AD2d 464, 466 [1992]). Inasmuch as the determination denying petitioner's application has been vacated and his medical report will be considered at the hearing, the petition must be dismissed.*

---

* Petitioner also argues that the Hearing Officer found that the rule served to bar him from calling the physician who prepared the report as a witness at the hearing. However, the record reveals that petitioner never asked that the physician be called as a witness but, instead, simply argued that the report should be received into evidence because the physician who authored it could be called to testify at the hearing. As such, the potential issue that could be

Mercure, J.P., Spain, Garry and Egan Jr., JJ., concur. Adjudged that the petition is dismissed, as moot, without costs.

raised by applying this rule to bar the testimony of such a witness is not before us and cannot serve to alter our finding that the matter as it now stands is moot.