People v Felli (2019 NY Slip Op 03854)





People v Felli


2019 NY Slip Op 03854


Decided on May 16, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 16, 2019

110771

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Appellant,
v
JAY A. FELLI, Respondent.

Calendar Date: March 26, 2019

Before: Garry, P.J., Lynch, Clark, Mulvey and Rumsey, JJ.


Joseph G. Fazzary, District Attorney, Watkins Glen (Matthew C. Hayden of counsel), for appellant.
Wesley A. Roe, Public Defender, Watkins Glen (Mark R. Raniewicz of counsel), for respondent.



MEMORANDUM AND ORDER
Garry, P.J.
Appeals (1) from an order of the County Court of Schuyler County (Morris, J.), entered June 25, 2018, which granted defendant's motion to dismiss count one of the indictment charging defendant with the crime of promoting prison contraband in the first degree, and (2) from an order of said court, entered August 30, 2018, which, upon reargument, adhered to its prior decision.
In May 2017, defendant was arrested on a bench warrant for his failure to appear in court. He was arraigned and brought to the Schuyler County Jail for processing. Defendant initially denied having any contraband. However, in the course of the ensuing strip search and while taking off his shoes, defendant pulled out a small bag containing cocaine and delivered it to the officers, explaining that he had forgotten that the bag was in his shoe. He was thereafter charged in a three-count indictment. Defendant moved to dismiss the indictment pursuant to CPL 210.30 and 210.20 (1) (b), arguing that the evidence presented to the grand jury was not legally sufficient to support the charges. In June 2018, following review of the grand jury minutes, County Court dismissed the count of the indictment charging defendant with promoting prison contraband in the first degree. The court found that the evidence before the grand jury was legally insufficient as it failed to show that defendant voluntarily introduced the contraband into the jail and that cocaine constituted dangerous contraband under the circumstances. The People moved for reargument and reconsideration on the basis that Penal Law § 205.25 (1) does not require a defendant's act of introducing contraband into a detention facility to be voluntary, so long as his or her knowing possession of the contraband is voluntary. In August 2018, after a hearing, the court issued an order reaffirming its prior determination. The People appeal from the June 2018 and August 2018 orders.
During the pendency of this appeal, the People advised that, despite County Court's initial determination, the case had nonetheless proceeded to a bench trial upon the full [*2]indictment. Relevant here, defendant was found guilty of promoting prison contraband in the second degree, a lesser included offense of the dismissed charge (see Penal Law §§ 205.20 [1]; 205.25; People v Hernandez, 42 AD3d 657, 658 [2007]).
In light of this circumstance, the appeals have been rendered moot and must be dismissed (see generally People ex rel. La Joy v Bezrutczyk, 12 AD3d 796, 797 [2004]; People ex rel. Jackson v Gastin, 222 AD2d 312, 312 [1995]). The parties urge that we proceed and address the issue of voluntariness as it relates to defendant's introduction of contraband into the jail, but we do not find that the exception to the mootness doctrine applies here. Even assuming, as the parties assert, that the issue posed may be substantial and novel, it is not one that typically evades review (see Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714-715 [1980]; see generally Matter of Duve v Richards, 81 AD3d 1226, 1227-1228 [2011]).[FN1]
Lynch, Clark, Mulvey and Rumsey, JJ., concur.
ORDERED that the appeals are dismissed, as moot.



Footnotes

Footnote 1: It is indeed even possible that the issue may be addressed within this case should defendant appeal from his conviction.