People ex rel. Walsh v Garcia (2024 NY Slip Op 01632)

People ex rel. Walsh v Garcia

2024 NY Slip Op 01632

Decided on March 22, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 22, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., BANNISTER, MONTOUR, OGDEN, AND DELCONTE, JJ.

147 OP 23-01632

[*1]THE PEOPLE OF THE STATE OF NEW YORK EX REL. GERALD T. WALSH, ESQ., ON BEHALF OF PEREZ M. AUGHTRY, PETITIONER,
v
JOHN GARCIA, ERIE COUNTY SHERIFF, RESPONDENT. 

ZDARSKY, SAWICKI & AGOSTINELLI LLP, BUFFALO (GERALD T. WALSH OF COUNSEL), FOR PETITIONER. 
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (PAUL J. WILLIAMS, III, OF COUNSEL), FOR RESPONDENT. 

 Proceeding pursuant to CPLR article 70 (initiated in the Appellate Division of the Supreme Court in the Fourth Judicial Department pursuant to CPLR 7002 [b] [2]) seeking a writ of habeas corpus. 
It is hereby ORDERED that said petition is unanimously denied without costs.
Memorandum: Petitioner commenced this original proceeding pursuant to CPLR 7002 (b) (2) seeking a writ of habeas corpus for the immediate release of Perez M. Aughtry on his own recognizance or on reasonable bail pursuant to CPL 30.30 (2) (a). Aughtry was initially arrested on December 3, 2021, and committed into custody on various charges, including one felony charge (initial charges). While Aughtry was in custody on those charges, he was arrested and arraigned on December 9, 2021, on multiple counts of misdemeanor contempt relating to a series of jail telephone calls he made to the victim (misdemeanor charges). The charges were presented to the grand jury, and Aughtry was subsequently arraigned on a four-count indictment on May 10, 2022. Petitioner seeks to have Aughtry released from custody on the ground that the People did not declare readiness for trial within the requisite 90 days pursuant to CPL 30.30 (2) (a).
Where a defendant is being held in custody on a felony, the defendant is subject to release on their own recognizance or reasonable bail if the People are not ready for trial within "ninety days from the commencement of [defendant's] commitment to custody . . . in a criminal action wherein the defendant is accused of one or more offenses, at least one of which is a felony" (CPL 30.30 [2] [a]; see People ex rel. Chakwin v Warden, N.Y. City Correctional Facility, Rikers Is., 63 NY2d 120, 125 [1984]). Here, the record establishes that Supreme Court released Aughtry on his own recognizance pursuant to CPL 180.80 on the initial charges. At that point, Aughtry was being held on the other pending misdemeanor charges and a parole detainer and thus he was no longer "in custody" on the initial charges. We therefore conclude that his contention regarding the initial charges is academic (see generally People ex rel. Luck v Squires, 173 AD3d 1767, 1767 [4th Dept 2019]; People ex rel. Valentin v Annucci, 159 AD3d 1391, 1392 [4th Dept 2018], lv denied 31 NY3d 911 [2018]).
We have considered petitioner's remaining contentions and conclude they are without merit.
Entered: March 22, 2024
Ann Dillon Flynn
Clerk of the Court