■ The People of the State of New York, Respondent, v Marilyn Johnson, Appellant.—Judgment unanimously reversed, on the law, defendant's motion granted and indictment dismissed. Memorandum: Defendant's motion to dismiss her robbery conviction pursuant to CPL 30.30 should have been granted because the People were not ready for trial within six months of the commencement of the action. The action against defendant was commenced by the filing of a felony complaint on May 13, 1982. She was held for the Grand Jury on June 1, 1982 and indicted on burglary and rape charges on October 15, 1982. On October 22, 1982, when defendant was scheduled for arraignment, the People stated their readiness for trial on the record; however, a superseding indictment charging robbery in addition to burglary and rape was handed down on March 24, 1983 and the People announced their readiness for trial on that indictment on April 8, 1983, when defendant was arraigned. The People contend that their statement of readiness on October 22, 1982 carries forward and attaches to the superseding indictment of March 24, 1983. That argument is without merit. Since the robbery count was not included in the first indictment, the People's statement of readiness to proceed on rape and burglary charges could not be interpreted as readiness to proceed on the second indictment containing a charge not included in the first.

The court properly denied the motion to dismiss the burglary and rape charges because the People had announced their readiness for trial on those counts well within the six-month period (CPL 30.30 [1] [a]). Nevertheless, defendant's conviction for burglary in the third degree must be vacated because, on the facts of

1

this case, it was improperly charged as a lesser included offense of burglary in the first degree. The only elements required for the greater but not for the lesser for purposes here are that the premises entered be a dwelling and that a nonparticipant sustain physical injury (Penal Law §§ 140.20, 140.30). It was undisputed that the premises here was a dwelling and that its occupant sustained physical injury. (Appeal from judgment of Supreme Court, Erie County, Marshall, J.—burglary, third degree, and robbery, first degree.) Present—Hancock, Jr., J. P., Callahan, Doerr, Denman and O'Donnell, JJ.