◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN LASHWAY, Appellant.—Harvey, J. Appeal from a judgment of the County Court of Clinton County (McGill, J.), rendered March 8, 1990, upon a verdict convicting defendant of three counts of the crime of rape in the second degree.

By felony complaint sworn to May 18, 1987, defendant was charged with rape in the second degree for engaging in sexual intercourse with the victim, an 11-year-old girl, on various occasions during October 1986 in the Town of Beekmantown, Clinton County. Although the victim testified against defendant at a preliminary hearing, she refused to testify before the Grand Jury in July 1987. As a result, defendant's motion to dismiss the complaint without prejudice was granted. The victim again refused to testify before the Grand Jury in November 1987.

In April 1989, the victim did testify before the Grand Jury and defendant was indicted on one count of rape in the second degree. Defendant unsuccessfully moved to dismiss this indictment on various grounds. On August 8, 1989, the Grand Jury handed down a superseding indictment charging defendant with three counts of rape in the second degree. These counts variously alleged that defendant had sex with the victim in November 1985, October 1986 and at various times between these dates. Following his arraignment, defendant moved to dismiss the second indictment and this motion was denied. A jury trial on the second indictment was subsequently held in early 1990. At trial, the People presented evidence that defendant first had sex with the victim in November 1985 before

her 12th birthday and proceeded to have sex with her thereafter whenever they were alone. There was also proof indicating that defendant impregnated the victim in October 1986 and that she subsequently gave birth to a child. At the conclusion of all evidence, defendant was found guilty of all three counts of rape in the second degree and was sentenced to three consecutive terms of 3½ to 7 years' imprisonment. Defendant's motion to set aside the verdict was denied and this appeal followed.

There must be an affirmance. Initially, we reject defendant's argument that the subject indictment against him should have been dismissed on statutory speedy trial grounds. It should be noted at the outset that it is only count two of the indictment which is possibly affected by the time constraints of CPL 30.30. This is because count two of the indictment alleges conduct on certain dates which is substantially the same as that charged in the May 18, 1987 felony complaint. As a result, the criminal action with respect to this count was commenced on that date and computation for speedy trial purposes would ordinarily begin then, notwithstanding the dismissal of the felony complaint and subsequent indictment (see, CPL 1.20 [8], [17]; *People v Osgood*, 52 NY2d 37, 45). The crimes alleged in counts one and three, on the other hand, are not based on the same factual allegations as the May 18, 1987 felony complaint. Therefore, the speedy trial computation for these counts commenced with the filing of the first indictment on April 14, 1989 with respect to count three and the filing of the subject indictment on August 8, 1989 with respect to count one. The computation for these counts ended on August 17, 1989, when the People announced their readiness for trial well within six months.

Regarding count two, we note that once defendant established that the time period between the commencement of the action (May 18, 1987) and the People's announcement that they were ready for trial (August 17, 1990) exceeded six months, the burden shifted to the People to provide an excuse for the delay (see, CPL 30.30 [1] [a]; *People v Santos*, 68 NY2d 859, 861). Defendant acknowledges that the time between February 27, 1989 and March 27, 1989 and between April 15, 1989 and August 8, 1989 are excluded from this time period because of pending motions made by defendant. However, defendant disputes the People's contention that the period between June 1987 and April 14, 1989 is also excludable because of the victim's refusal to testify before the Grand Jury.

In our view, the People are correct in their arguments. As noted by the Court of Appeals, "[t]he 'exceptional circumstances' which may justify a delay in prosecution are explicitly 'not limited to' cases where a continuance has been granted" *(People v Zirpola,* 57 NY2d 706, 708, quoting CPL 30.30 [4] [g]). Unlike a situation where prosecution is hindered by "inexcusable delay" on the part of the People *(see, e.g., People v Osgood,* 52 NY2d 37, 45, *supra),* in this case reprosecution was made impossible by the reluctance of a very young girl, possibly subject to family pressures, to testify. The delicacy of such a situation is made apparent by the decision to dismiss the initial felony complaint "without prejudice". Significantly, this is not a situation where defendant could have been lulled by the delay into thinking no reprosecution was imminent *(see, supra,* at 42). The People's diligence in pursuing the matter and in attempting (and ultimately succeeding) to persuade the victim to change her mind about testifying are quite apparent from the record. Given the unique and sensitive circumstances of this case, we conclude that County Court appropriately declined to dismiss the indictment on speedy trial grounds.

Next, we reject defendant's contention that he was denied the effective assistance of counsel at trial in light of the fact that, in the midst of the proceedings against him, defendant lodged a complaint against his counsel with the Committee on Professional Standards. It is true that a defendant may be entitled to new assigned counsel upon a showing of good cause, such as a conflict of interest or other irreconcilable conflict with trial counsel *(see, People v Sides,* 75 NY2d 822, 824). It is equally true, however, that frivolous or specious complaints (including failure to agree upon appropriate legal tactics) will not require a substitution *(see, supra; People v Medina,* 44 NY2d 199, 209). In this case, County Court's inquiry revealed that defendant's complaint with his counsel was that he simply did not agree with counsel's manner of defense or the motions that counsel made. As such, County Court appropriately determined that defendant's complaints, centered around his disagreement with legal tactics, were specious and did not require a substitution of counsel.

Defendant's remaining contentions have been examined and have been found to be either lacking in merit or unpreserved for appellate review. Contrary to defendant's arguments, the victim's testimony provided legally sufficient evidence to support all three findings of guilt by the jury. Defendant's arguments relating to the admission of certain letters into evi-

dence at trial are devoid of merit because the letters were sufficiently authenticated by the victim's mother at trial. Further, they were not statements made to a government agent that require disclosure to defendant pursuant to CPL 240.20 (1) (a). Although defendant argues that his sentence was harsh and excessive, we find no basis to disturb it given the despicable nature of the crimes that defendant perpetrated against the young victim.

Mikoll, J. P., Yesawich Jr., Levine and Crew III, JJ., concur. Ordered that the judgment is affirmed.