■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAWRENCE DAWKINS, Also Known as CRAIG DAVON, Also Known as LARRY CURTIS, Appellant. [659 NYS2d 536] —Spain, J. Appeal from a judgment of the Supreme Court (Teresi, J.), rendered August 16, 1995 in Albany County, upon a verdict convicting defendant of the crimes of criminal possession of a controlled substance in the third degree (two counts) and forgery in the second degree.

On October 14, 1994, police officers saw four men in the area between a car and a van which were parked in a parking lot near the bus station in the City of Albany. They observed one of the men pass a bag to Sean Davis (also known as Clarence Martin), who removed a "large, white, chunky substance" from the bag and handed it to a third man, defendant (also known as Craig Davon and Larry Curtis), who placed it in his pants. A fourth man was also observed glancing around the lot as if acting as a lookout. All four eventually entered a van and drove away. The officers followed the van and stopped it. Four occupants were arrested after cocaine was found under the rear seat occupied by defendant. The relevant facts leading up to the arrest are more particularly set forth in *People v Davis* (228 AD2d 941, *lv denied* 89 NY2d 1010), a case already decided by this Court.

At the police station, defendant identified himself and signed

his fingerprint card as Craig Davon. Upon discovery of his real identity, the police charged him with forgery; he later signed another fingerprint card as Larry Curtis. Thereafter, defendant was indicted on two counts of criminal possession of a controlled substance in the third degree and one count of forgery in the second degree. Defendant and three codefendants were tried in Supreme Court before a jury and defendant was found guilty of all charges; he was sentenced as a second felony offender to two concurrent prison terms of $12^{1}/_2$ to 25 years on the drug charges and a consecutive sentence of $3^{1}/_2$ to 7 years on the forgery charge. Defendant appeals.

We affirm. Initially, we reject defendant's contentions that the search of the van was illegal, that Supreme Court erred in failing to instruct the jury on constructive possession and of the People's burden to prove defendant's knowledge of the weight of the cocaine (*see, People v Ryan*, 82 NY2d 497), and that the court should not have permitted the testimony of the Sheriff's Department investigator concerning patterns of drug activity in Albany. Each of these issues was found lacking in merit or unpreserved for appellate review by this Court in codefendant Davis' appeal (*see, People v Davis, supra*).

We also reject defendant's contention that the prosecutor's remarks during summation about the credibility of the witnesses deprived him of a fair trial. Supreme Court's instructions to the jurors that they were the sole exclusive judges of the credibility of the witnesses and that they must employ the same standards in evaluating the testimony of police officers as they would any ordinary witness was sufficient to dilute any possible prejudice. In light of the overwhelming evidence against defendant, we conclude that the jury would have reached the same result if the alleged improper comments had not been made (*see, People v Chapman*, 229 AD2d 789, 790).

Further, contrary to defendant's contention, we conclude that Supreme Court's *Sandoval* ruling was not an abuse of discretion. After a hearing Supreme Court concluded that if defendant testified, the People would be allowed inquiry into defendant's convictions for grand larceny in the fourth degree in 1990 and robbery in the second degree in 1991. It is well settled that as long as the court considers the appropriate factors in arriving at its determination, there is no abuse of discretion (*see, People v Williams*, 56 NY2d 236). The court must consider such factors as the time since the conviction, the degree to which it bears on a defendant's veracity and credibility, and the extent to which any similarity between the prior conviction and the crime charged may be taken as some

proof of the commission of the crime charged rather than be reserved solely to the issue of credibility (see, id., at 239). In our view, Supreme Court's ruling comports with this analysis; moreover, the court stated that it had considered these factors and, as such, we find no abuse of discretion.

Next we reject defendant's contention that the People failed to timely disclose his fingerprint cards from prior arrests. Prior to trial the People turned over to defendant the fingerprint cards relating to the arrests in question and defendant's criminal history report which indicated prior arrests and dispositions; however, defendant was not provided with the fingerprint cards from his prior arrests. At the trial the People offered his prior arrest fingerprint cards in support of the forgery charge as proof that defendant had been arrested previously under a different name and was attempting to avoid the Albany Police Department's detection of that fact. Supreme Court allowed the prior fingerprint cards into evidence, ordering that the names of the prior crimes be redacted and instructing the jury that they were only being admitted into evidence for a limited purpose. In our view, defendant was not prejudiced because he should have been aware of the existence of the prior fingerprint cards which he could have obtained from the Division of Criminal Justice Services.

We next reject defendant's contention that Supreme Court improperly admitted into evidence a photograph (People's exhibit No. 10) which was not properly authenticated. As no objection to the photograph's admissibility was made on behalf of defendant, the issue has not been preserved for review. However, we conclude that a sufficient foundation was laid by the prosecution. One of the arresting officers testified that the picture in question was found with defendant's property and that the picture was of the group of individuals taken into custody on October 14, 1994. He then identified defendant in open court as one of the individuals portrayed in the picture. The witness was familiar with the appearance of the individuals he arrested on the day in question and was able to testify that the picture was a fair and accurate representation of its contents (see, People v Brown, 216 AD2d 737, 738). Accordingly, Supreme Court did not err in admitting the picture into evidence.

We have examined defendant's remaining contention regarding the propriety of his sentence and find it to be without merit.

Cardona, P. J., Mercure, Casey and Peters, JJ., concur. Ordered that the judgment is affirmed.