The People of the State of New York, Respondent, v Mark D. Fehr, Appellant. [844 NYS2d 478]—

Lahtinen, J. Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered December 1, 2005, upon a verdict convicting defendant of the crimes of course of sexual conduct against a child in the first degree, sodomy in the first degree, rape in the second degree (four counts), perjury in the first degree (three counts) and endangering the welfare of a child.

Issues asserted by defendant on appeal include an alleged statutory speedy trial violation, the improper amendment of the indictment, and the prejudicial questioning by the prosecutor of prospective jurors. Defendant is the stepfather of the victim,

who was born in 1988. In early 2003, the victim discovered that she was pregnant and reported to authorities that either defendant or one other individual was the father of the child as a result of sexual intercourse during November 2002. Defendant was charged in a felony complaint in May 2003 with second degree rape and, in June 2003, testified before the grand jury, where he denied ever having sexual intercourse with the victim. The victim became uncooperative by the time of her appearance before the grand jury and she reportedly stated in a rather pugnacious fashion that defendant did not have sex with her.[1] The People withdrew the charge.

The victim eventually became cooperative and, while no subsequent charges were sought for the November 2002 incident in which the victim was impregnated, the People obtained an indictment on February 13, 2004 charging defendant with, among other things, course of sexual conduct against a child in the first degree for acts from July 1999 to December 1999, course of sexual conduct against a child in the first degree for acts from April 2000 to June 2000, rape in the second degree occurring on July 15, 2001, rape in the second degree occurring on May 5, 2003, and perjury in the first degree occurring when defendant testified before a grand jury in June 2003. At the arraignment on that indictment in early March 2004, the People declared they were ready.

Various motions ensued, including defendant's July 2004 motion to dismiss. County Court denied most of the relief sought by defendant in its November 4, 2004 decision, except it dismissed the two charges of course of sexual conduct against a child in the first degree (counts 1 and 2) as multiplicitous. The People were granted leave to re-present the matter to a new grand jury and, on November 17, 2004, defendant was indicted on, among other charges, one count of course of sexual conduct against a child in the first degree for conduct from May 1999 to July 2001, as well as various counts of rape, perjury and endangering the welfare of a child. The November 2004 indictment superseded the February 2004 indictment, which was dismissed, and the People declared that they were ready for trial on November 18, 2004, when defendant was arraigned on the new indictment. Defendant made new motions in December 2004 and the People filed a prompt response.

On May 12, 2005, four days prior to the scheduled trial date, the People moved to amend the charge of course of sexual conduct against a child in the first degree to shorten the alleged

---

1. After the birth of the victim's child, DNA established that defendant was, in fact, the father.

time frame to acts between February 1, 2001[2] and July 2001. Defendant opposed the motion and requested an adjournment of the trial, which was granted with a new trial date set for August 15, 2005. On August 11, 2005, County Court granted the People's motion to amend the indictment. The trial commenced as scheduled with the jury ultimately finding defendant guilty of all the charged crimes. He was sentenced as a second felony offender to an aggregate prison term of 28 1/2 to 32 years and now appeals.

We turn first to defendant's argument that his statutory speedy trial rights were violated. The People must be ready for trial within six months of the commencement of a criminal action involving a felony (*see* CPL 30.30 [1] [a]; *People v Green*, 31 AD3d 1048, 1049 [2006], *lv denied* 7 NY3d 902 [2006]). A criminal action is commenced when the first accusatory instrument is filed and a superseding indictment generally relates back to the first indictment (*see People v Cooper*, 98 NY2d 541, 543-544 [2002]; *People v Sinistaj*, 67 NY2d 236, 237 [1986]; *People v Weaver*, 34 AD3d 1047, 1049 [2006], *lv denied* 8 NY3d 928 [2007]). Whether the People have met their statutory obligation is "determined by computing the time elapsed between the filing of the first accusatory instrument and the People's declaration of readiness, subtracting any periods of delay that are excludable under the terms of the statute and then adding to the result any postreadiness periods of delay that are actually attributable to the People and are ineligible for an exclusion" (*People v Cortes*, 80 NY2d 201, 208 [1992]; *People v Flowers*, 240 AD2d 894, 895 [1997], *lv denied* 90 NY2d 1011 [1997]).

Defendant contends that the starting date for the criminal action which led to his conviction was May 2003, when he was charged in a felony complaint with criminal conduct occurring in November 2002. We cannot agree. Defendant was never indicted for the November 2002 incident. The subsequent indictments did not include that incident and were not directly derived from the felony complaint. Where "the felony complaint and subsequently filed indictment allege separate and distinct criminal transactions, the speedy trial time clock commences to run upon the filing of the indictment with respect to the new charges" (*People v Dearstyne*, 230 AD2d 953, 955 [1996], *lv denied* 89 NY2d 921 [1996], 89 NY2d 1034 [1997]; *see People ex rel. Greenstein v Sheriff of Schenectady County*, 220 AD2d 190, 193 [1996]).

---

**2.** Penal Law § 130.75 had been amended in 2000, effective February 1, 2001, to expand the crime from acts against a child less than 11 years old to include acts against a child less than 13 years old if committed by a person 18 or older (*see* L 2000, ch 1, § 44).

Here, the speedy trial clock for the crimes of which defendant was ultimately convicted commenced with the February 13, 2004 indictment, giving the People 182 days in which to declare their readiness (*see People v Brown*, 23 AD3d 703, 704 [2005], *lv denied* 6 NY3d 810 [2006]), and the superceding indictment in November 2004 related back to the February 2004 indictment for speedy trial purposes. The People acknowledge that they are chargeable with 21 days from the February 2004 indictment until they declared their readiness in March 2004. They are chargeable with 14 days from November 4, 2004 (the granting of the motion dismissing two counts which resulted in the matter being re-presented) to November 18, 2004 when they declared their readiness on the superceding indictment. The People also concede that their motion to amend on May 12, 2005, shortly before trial, started another period chargeable to them. They assert that they should be charged for only one day since defendant requested an adjournment of the trial the day following their motion. However, even if we accept defendant's contention that the People should be charged with the entire time from the date of their motion until the commencement of the trial on August 15, 2005 (95 days) because the tardiness of their motion caused the delay, the total time chargeable to the People would still be well under 182 days. We find no other time chargeable to the People and, accordingly, they complied with the speedy trial provisions.

Defendant further argues that County Court erred in permitting the People to amend the first count in the indictment to shorten the time frame alleged for the charge of course of sexual conduct against a child in the first degree. The failure to include the grand jury minutes in the record precludes meaningful review of this issue (*see People v Alexander*, 37 AD3d 908, 909 [2007], *lv denied* 9 NY3d 839 [2007]). In any event, the amendment did not change the prosecution's theory of the case (*see* CPL 200.70 [1]; *People v Mayo*, 19 AD3d 710, 711-712 [2005]; *cf. People v Green*, 250 AD2d 143, 145 [1998], *lv denied* 93 NY2d 873 [1999]). Shortening the period of defendant's conduct narrowed the proof to a time frame to which the People would have been limited at trial under the circumstances of this case (*see* L 2000, ch 1, § 44, eff. Feb. 1, 2001).

Finally, defendant asserts that he was deprived of a fair trial by questions posed by the prosecutor to prospective jurors regarding their views about certain sexual matters. This issue was not preserved for review since objections were not made to the questions at the time they were asked (*see People v Wright*, 5 AD3d 873, 875 [2004], *lv denied* 3 NY3d 651 [2004]). We

discern no reason in this record to address the issue as a matter of discretion in the interest of justice (*see People v Henderson*, 275 AD2d 948, 948 [2000], *lv denied* 95 NY2d 964 [2000]).

Cardona, P.J., Crew III, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed.