■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT J. MERCK, Appellant. [882 NYS2d 337]—

Stein, J. Appeal from a judgment of the County Court of St. Lawrence County (Richards, J.), rendered September 10, 2007, upon a verdict convicting defendant of three counts of the crime of burglary in the third degree.

On the morning of September 14, 2006, a witness observed defendant vandalizing a vending machine with a crow bar in an auto parts store located in the Town of Oswegatchie, St. Lawrence County. The police found defendant in a car wash located across the street from the auto parts store, which was within the City of Ogdensburg, St. Lawrence County. After an altercation in which defendant struck and injured a police officer, defendant was taken into custody and transported to the Ogdensburg Police Department where *Miranda* warnings were administered.

Defendant was arraigned in the Oswegatchie Town Court and in the Ogdensburg City Court on September 14, 2006. In both courts, defendant requested the assignment of counsel and a preliminary hearing.[1] After the People elected not to go forward with either hearing, County Court divested the local criminal courts of jurisdiction over the matter, and defendant's attorney was notified by letter dated February 26, 2007 of the People's intention to present the case to the grand jury on March 1, 2007. However, on February 28, 2007, defendant requested an opportunity to testify before the grand jury, prompting County Court to issue an order to produce to the St. Lawrence County Sheriff's Department directing that defendant be produced on March 8, 2007. After hearing defendant's testimony on that day, the grand jury indicted him on three counts of burglary in the third degree and a single count of attempted assault in the second degree. The People filed the indictment and a statement of readiness for trial on March 13, 2007.

In May 2007, defendant moved to dismiss the indictment on the basis that the People failed to declare their readiness for trial within the limitations imposed by CPL 30.30. County Court denied the motion and the matter proceeded to trial. Defendant was found guilty of the three counts of burglary in the third degree, the fourth count having been dismissed prior to trial. Defendant was then sentenced, as a second felony offender, to consecutive prison terms of $3^{1}/_{2}$ to 7 years on each count. Defendant now appeals and we affirm.

Initially, defendant challenges County Court's denial of his motion to dismiss the indictment based upon a violation of his speedy trial rights (see CPL 30.30 [1] [a]).[2] It is undisputed that, inasmuch as the action commenced on September 14, 2006, the People were required to be ready for trial 181 days later on March 14, 2007 (see CPL 30.30 [1] [a]). The parties also agree that the People were required to declare their readiness for trial on March 12, 2007—two days before the end of the statutory period (see CPL 210.10)—but did not do so until March 13,

1. The record reflects that defendant was given an application for assigned counsel in Town Court and that both courts adjourned the proceedings for the preliminary hearings without determining defendant's eligibility for assigned counsel or actually making an assignment. However, the St. Lawrence County Public Defender was thereafter assigned to represent defendant in Ogdensburg City Court on September 18, 2006 and in Oswegatchie Town Court on September 19, 2006.

2. We note that County Court's determination was based solely on its conclusion that the four days between defendant's arraignment and the appearance of counsel was chargeable to defendant pursuant to CPL 30.30 (4) (f).

2007. Defendant argues that, in determining that the People's declaration of readiness was timely, County Court improperly excluded certain periods of time that were chargeable to the People (*see* CPL 30.30 [4] [b], [f]).

We agree with County Court's determination that there was no violation of defendant's right to a speedy trial. However, we reach that conclusion on the basis that the seven-day delay attributable to the adjournment of the grand jury proceedings to accommodate the request of defendant—who was incarcerated—to testify was chargeable to defendant and, therefore, excludable from the relevant period (*see* CPL 30.30 [4] [b]; *People v Casey*, 61 AD3d 1011, 1012 [2009]; *compare People v Meierdiercks*, 68 NY2d 613, 614-615 [1986]; *People v Anderson*, 252 AD2d 399, 400 [1998], *lv denied* 92 NY2d 1027 [1998]). We specifically note that all of the People's witnesses had completed their testimony before the grand jury on March 1, 2007 and the only reason that no vote was taken that day was due to defendant's desire to testify. The fact that the People subsequently brought a motion on March 1, 2007 concerning the conditions under which defendant would appear before the grand jury does not require a different result (*see People v Meierdiercks*, 68 NY2d at 614-615).

Finally, we are unpersuaded by defendant's contention that the sentence imposed was vindictive. While the sentence was greater than any of the plea offers made prior to the jury's verdict, it was based on appropriate sentencing factors, including defendant's criminal history (*see People v Pena*, 50 NY2d 400, 411-412 [1980], *cert denied* 449 US 1087 [1981]; *People v Chappelle*, 14 AD3d 728, 729 [2005], *lv denied* 5 NY3d 786 [2005]; *People v Simon*, 180 AD2d 866, 867 [1992], *lv denied* 80 NY2d 838 [1992]), and we discern no basis for a modification of the sentence.

Regarding defendant's remaining contentions, one is academic[3] and the others have been reviewed and are without merit.

Cardona, P.J., Mercure, Kavanagh and McCarthy, JJ., concur. Ordered that the judgment is affirmed.

---

**3.** Although we do not reach the merits of defendant's argument that the time between his arraignment and assignment of counsel is chargeable to the People for speedy trial purposes, we direct the attention of Town Court to the provisions of 22 NYCRR 200.26 (b) and (c).