■ The People of the State of New York, Respondent, v Glenn C. Nelson, Appellant. [890 NYS2d 189]—

Peters, J.

Following a jury trial, defendant was convicted of four counts of sodomy in the first degree, three counts of sexual abuse in the second degree and two counts of endangering the welfare of a child. The charges stemmed from his inappropriate sexual contact with a then 12-year-old boy between August 2002 and September 2002. Sentenced as a second felony offender to consecutive prison terms of 25 years on each of the four sodomy counts, to run concurrently with the one-year sentences imposed on each of the remaining charges, he now appeals.

We reject defendant's contention that his statutory right to a speedy trial was violated. Where a defendant is charged with a felony, CPL 30.30 requires the People to be ready for trial within six months of the commencement of the criminal action (see CPL 30.30 [1] [a]; *People v Cortes*, 80 NY2d 201, 208 [1992]). A criminal action is commenced when the first accusatory instrument is filed, and "includes the filing of all further accusatory instruments directly derived from the initial one" (CPL 1.20 [16] [b]; *see People v Sinistaj*, 67 NY2d 236, 239 [1986]). Thus, subsequent accusatory instruments that are " 'directly derived' " from the first instrument will relate back to the first

instrument for purposes of assessing the People's compliance with their speedy trial obligations (*People v Sinistaj*, 67 NY2d at 241 n 4; *see People v Lomax*, 50 NY2d 351, 356 [1980]; *People ex rel. Greenstein v Sheriff of Schenectady County*, 220 AD2d 190, 193 [1996]).

Here, a felony complaint was issued on October 1, 2002 charging defendant with three counts of sodomy in the first degree. Defendant was subsequently charged by a superior court information with those same crimes and the People declared their readiness for trial in open court on March 31, 2003, within the six-month period permitted by CPL 30.30 (1) (a) (*see People v Wilson*, 86 NY2d 753, 754 [1995]). However, the People later presented charges to the grand jury that resulted in an indictment, filed May 14, 2003, charging defendant with those same three counts of sodomy in the first degree, as well as additional crimes. Although the People's March 2003 announcement of readiness for trial was ineffective as to the new crimes subsequently charged in the indictment (*see People v Johnson*, 112 AD2d 1, 1 [1985], *lv denied* 66 NY2d 764 [1985]; *People v Cruz*, 111 AD2d 725, 726 [1985], *lvs denied* 66 NY2d 614 [1985], 67 NY2d 650 [1985]; *see generally People v Kendzia*, 64 NY2d 331 [1985]), it satisfied their obligations with respect to the three counts of sodomy in the first degree contained in the indictment, since those counts were " 'directly derived' " from the felony complaint (*People v Sinistaj*, 67 NY2d at 241 n 4; *see People v Berry*, 5 AD3d 866, 867-868 [2004], *lv denied* 3 NY3d 637 [2004]; *People v Morales*, 309 AD2d 1065, 1066 [2003], *lv denied* 1 NY3d 576 [2003]; *People v Stone*, 265 AD2d 891, 892 [1999], *lv denied* 94 NY2d 907 [2000]). As no significant postreadiness delays chargeable to the People were established (*see People v Carter*, 91 NY2d 795, 799 [1998]), defendant was not deprived of his statutory right to a speedy trial on the three sodomy counts.

To the extent that "the felony complaint and subsequently filed indictment allege[d] separate and distinct criminal transactions, the speedy trial time clock commence[d] to run upon the filing of the indictment with respect to the new charges" (*People v Dearstyne*, 230 AD2d 953, 955 [1996], *lvs denied* 89 NY2d 921 [1996], 89 NY2d 1034 [1997]; *see People v Fehr*, 45 AD3d 920, 922 [2007], *lv denied* 10 NY3d 764 [2008]; *People ex rel. Greenstein v Sheriff of Schenectady County*, 220 AD2d at 193; *People v Stone*, 265 AD2d at 892-893). Since the People filed a statement of readiness on June 2, 2003, well within six months of the May 14, 2003 filing date of the indictment, the People also complied with the requirements of CPL 30.30 (1) (a) as to these new counts.

Defendant next asserts that he was deprived of a fair trial by comments made by the prosecutor during summation. "Reversal of a conviction for prosecutorial misconduct is warranted only where a defendant has suffered substantial prejudice such that he [or she] was deprived of due process of law" (*People v McCombs*, 18 AD3d 888, 890 [2005] [citations omitted]; *see People v Ciborowski*, 302 AD2d 620, 622-623 [2003], *lv denied* 100 NY2d 579 [2003]). We agree that, at times, the prosecutor made improper remarks that denigrated both defense counsel and the defense (*see People v Wlasiuk*, 32 AD3d 674, 681 [2006], *lv dismissed* 7 NY3d 871 [2006]; *People v LaPorte*, 306 AD2d 93, 95 [2003]; *People v Kent*, 125 AD2d 590, 591 [1986]). Furthermore, the prosecutor inappropriately attempted to appeal to the sympathy of the jury by asking the jury to "fight for [the victim]" during deliberations (*see People v Bhupsingh*, 297 AD2d 386, 388 [2002]; *People v Andre*, 185 AD2d 276, 278 [1992]). Although the summation was not free from error, we find that the unwarranted and improper comments, even when considered cumulatively, were not so substantially prejudicial as to deprive defendant of a fair trial, particularly given the strength of the People's case and the overwhelming proof of defendant's guilt (*see People v Wilson*, 61 AD3d 1269, 1272 [2009]; *People v Thornton*, 4 AD3d 561, 563 [2004], *lv denied* 2 NY3d 808 [2004]; *People v Cody*, 260 AD2d 718, 722 [1999], *lv denied* 93 NY2d 1002 [1999]; *People v Hamilton*, 227 AD2d 669, 672 [1996], *lv denied* 88 NY2d 1068 [1996]).

To that end, the victim provided detailed and descriptive testimony regarding the sexual acts that defendant subjected him to on three distinct occasions between August 2002 and September 2002. Moreover, defendant's brother testified that, in early September 2002, defendant revealed that he had developed a "relationship" with the victim and that he had sex with the victim. Defendant's brother testified further that, although he insisted that defendant cease the "relationship," defendant continued to see the victim and soon thereafter admitted to again engaging in sexual conduct with the victim. Likewise, defendant's sister-in-law testified to a phone call she received from defendant in August or September 2002 wherein he confessed to having sexual relations with the victim, and the record reveals that defendant also admitted the sexual conduct to his pastor. Thus, in light of the uncontradicted and overwhelming evidence of defendant's guilt, we simply cannot conclude that there was a reasonable possibility that the jury would have acquitted defendant had the improper comments not been made (*see People v Crimmins*, 36 NY2d 230, 237 [1975]; *People v Dawkins*, 240 AD2d 962, 963 [1997], *lv denied* 90 NY2d

903 [1997]; *People v Cunningham*, 222 AD2d 727, 731 [1995], *lv denied* 87 NY2d 1018 [1996]; *People v Perez*, 176 AD2d 165, 166 [1991], *lv denied* 79 NY2d 862 [1992]; *compare People v De Vito*, 21 AD3d 696, 699-701 [2005]; *People v Gorghan*, 13 AD3d 908, 909-911 [2004], *lv dismissed* 4 NY3d 798 [2005]; *People v Levandowski*, 8 AD3d 898, 900-901 [2004]; *People v Russell*, 307 AD2d 385, 386-387 [2003]). We emphasize that, had the People's case not been so strong, the extent of the prosecutor's comments may well have led to a different result here.

Finally, defendant's sentence of maximum consecutive terms—reduced to an aggregate prison term of 50 years by operation of law (*see* Penal Law § 70.30 [1] [e] [vi])—was not harsh or excessive under the circumstances. Although defendant was offered a prison sentence of 18 years during plea negotiations, " '[t]he mere fact that a sentence imposed after trial is greater than that offered in connection with plea negotiations is not proof that defendant was punished for asserting his right to trial' " (*People v Chilson*, 285 AD2d 733, 735 [2001], *lvs denied* 97 NY2d 640 [2001], 97 NY2d 752 [2002], quoting *People v Simon*, 180 AD2d 866, 867 [1992], *lv denied* 80 NY2d 838 [1992]; *see People v Saunders*, 309 AD2d 1063, 1065 [2003]). Rather, County Court's sentence was based on, among other legitimate considerations, defendant's prior conviction for similar sexual conduct towards a minor boy in Ohio, his conceded inability to control his sexual urges, and the abhorrent nature of his sexual exploitation of this young victim on multiple occasions (*see People v Merck*, 63 AD3d 1374, 1376 [2009]; *People v Chappelle*, 14 AD3d 728, 729 [2005], *lv denied* 5 NY3d 786 [2005]). Finding neither an abuse of discretion nor the existence of any extraordinary circumstances warranting modification (*see People v Dunton*, 30 AD3d 828, 830 [2006], *lv denied* 7 NY3d 847 [2006]; *People v Dalton*, 27 AD3d 779, 783 [2006], *lvs denied* 7 NY3d 754, 811 [2006]), we decline to disturb the sentence.

Defendant's remaining contentions are unpreserved for our review.

Cardona, P.J., Kane, Stein and Garry, JJ., concur. Ordered that the judgment is affirmed.