Stein, J.
Appeals (1) from a judgment of the County Court of Saratoga County (Scarano, J.), rendered September 9, 2011, convicting defendant upon his plea of guilty of the crime of criminal possession of a forged instrument in the first degree, and (2) by permission, from an order of said court, entered January 30, 2013, which denied defendant’s motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.
In April 2011, defendant was charged by indictment with criminal possession of a forged instrument in the first degree (two counts), criminal possession of a weapon in the third degree, criminal possession of stolen property in the fourth degree and grand larceny in the fourth degree. He subsequently pleaded guilty to one count of criminal possession of a forged *1161 instrument in the first degree in full satisfaction of the indictment and was sentenced, as a second felony offender and in accord with the plea agreement, to a prison term of 7V2 to 15 years. As part of the plea, defendant also waived the right to appeal from the conviction and sentence.
Defendant thereafter moved to vacate the judgment of conviction pursuant to CPL 440.10, claiming that he was denied the effective assistance of counsel because his attorney did not move to dismiss the indictment on statutory speedy trial grounds. County Court denied the motion without a hearing. Defendant now appeals from both the judgment of conviction and, by permission, from the order denying his CPL article 440 motion. Finding both appeals to be lacking in merit, we affirm.
With respect to his direct appeal from the judgment of conviction, defendant’s statutory speedy trial claim was waived by his guilty plea (see People v Friscia, 51 NY2d 845, 847 [1980]; People v Devino, 110 AD3d 1146, 1147 [2013]; People v Mercer, 105 AD3d 1091, 1092 [2013]; lv denied 21 NY3d 1017 [2013]; People v Spence, 101 AD3d 1477, 1478 [2012]). Nonetheless, inasmuch as his claim of ineffective assistance of counsel impacts the voluntariness of his plea, such claim survives the appeal waiver and was preserved by his CPL article 440 motion (see People v Devino, 110 AD3d at 1147; compare People v Slingerland, 101 AD3d 1265, 1267 [2012], lv denied 20 NY3d 1104 [2013]). In that regard, we reject defendant’s assertion that County Court erred by failing to conduct a hearing on the motion inasmuch as the record and motion papers before that court permitted an adequate review (see People v Carter, 105 AD3d 1149, 1151 [2013]; People v Demetsenare, 14 AD3d 792, 793 [2005]; see also People v LaPierre, 108 AD3d 945, 946 [2013]).
Turning to the merits of defendant’s argument, we have held that “ ‘[a] single error of failing to raise a meritorious speedy trial claim [may be] sufficiently egregious to amount to ineffective assistance of counsel’ ” (People v Devino, 110 AD3d at 1147, quoting People v Garcia, 33 AD3d 1050, 1052 [2006], lv denied 9 NY3d 844 [2007]). However, counsel will not be deemed ineffective for his or her failure to make a motion that would have had little or no chance of success (see People v Caban, 5 NY3d 143, 152 [2005]; People v Clarke, 110 AD3d 1341, 1345 [2013]).
As relevant here, New York’s speedy trial statute requires the People to declare their readiness for trial within six months of the commencement of the criminal action (see CPL 30.30 [1] [a]; People v Miller, 113 AD3d 885, 886 [2014]). The six-month period is calculated “by computing the time elapsed between the filing of the first accusatory instrument and the People’s *1162 declaration of readiness, subtracting any periods of delay that are excludable under the terms of the statute” (People v Smith, 110 AD3d 1141, 1142 [2013] [internal quotation marks and citations omitted]; accord People v Cortes, 80 NY2d 201, 208 [1992]; see CPL 1.20 [16] [a], [b]). The instant felony action was commenced on October 15, 2010, when three felony complaints were filed against defendant (see People v Lowman, 103 AD3d 976, 977 [2013]; People ex rel. Greenstein v Sheriff of Schenectady County, 220 AD2d 190, 192-193 [1996]).[1] The People stated their readiness for trial on April 18, 2011 — when defendant was arraigned on the indictment — more than six months after the commencement of the action. Thus, to avoid a statutory speedy trial violation, the People would have been required to demonstrate that sufficient periods of the delay were not chargeable to the People (see People v Cortes, 80 NY2d at 210; People v Devino, 110 AD3d at 1148).
In opposition to defendant’s CPL article 440 motion, the People proffered, among other things, a court adjournment record and the affirmation of John Hogan, one of defendant’s trial counsel.[2] Hogan averred that, during his representation of defendant, he made adjournment requests on defendant’s behalf that resulted in more than 100 days of prereadiness delay. Excluding the periods of delay resulting from such adjournments from the time chargeable to the People (see CPL 30.30 [4] [b]; People v Seamans, 85 AD3d 1398, 1399 [2011]), and considering that defendant did not allege any postreadiness delay attributable to the People, the People declared their readiness for trial within the requisite six-month period. Consequently, defendant was not denied his statutory right to a speedy trial and his counsel was not ineffective for failing to make a motion premised upon those grounds (see People v Jackson, 64 AD3d 1248, 1250 [2009], lv denied 13 NY3d 745 [2009]).
We have reviewed defendant’s remaining contentions, includ *1163 ing that the indictment was jurisdictionally defective, and find them to be lacking in merit.
Peters, EJ., McCarthy and Egan Jr., JJ., concur. Ordered that the judgment and order are affirmed.

. One month before these felony complaints were filed, defendant was charged in a misdemeanor complaint with criminal possession of a weapon in the fourth degree for possessing a metal gravity knife. We reject defendant’s claim that the six-month speedy trial period ran from the filing of this accusatory instrument, as the allegations contained therein were unrelated to the conduct forming the basis for the charges set forth in the indictment (see People v Lowman, 103 AD3d at 977).

. We are unpersuaded by defendant’s argument that the relevant statements in Hogan’s affirmation constituted privileged information, as an adjournment request made by counsel in open court is not a privileged communication (see CPLR 4503 [a] [1]). Our review of such affirmation — which also contains extraneous information unrelated to the speedy trial issue — is limited to that portion detailing defendant’s adjournment requests.