Peters, P.J.
Appeal from a judgment of the County Court of Sullivan County (LaBuda, J.), rendered November 13, 2012, upon a verdict convicting defendant of the crimes of course of sexual conduct against a child in the first degree (two counts) and course of sexual conduct against a child in the second degree (two counts).
On April 17, 2008, the victims (twins born in 1997) disclosed to a school counselor and, subsequently, a State Police investigator that defendant had subjected them to repeated *1363 acts of sexual abuse over the course of several years. That same day, defendant was arrested and charged in a felony complaint with rape in the first degree for conduct that allegedly occurred on March 30, 2008. After police discovered an image and several videos of child pornography on defendant’s home computer, he was also charged by indictment with 17 counts of possession of a sexual performance by a child. Pursuant to a November 2008 negotiated plea agreement, defendant pleaded guilty to three counts of possession of a sexual performance by a child in full satisfaction of the indictment, the rape charge was dismissed and the People promised not to pursue that charge in the future. Defendant was sentenced to a term of imprisonment.
In March 2012, defendant was indicted on two counts each of course of sexual conduct against a child in the first and second degrees based upon conduct that occurred between June 8, 2003 and June 8, 2004 and, subsequently, between June 8, 2005 and March 1, 2008. He thereafter moved to, among other things, dismiss the indictment on double jeopardy grounds, which motion County Court denied.[1] Following a jury trial, defendant was convicted as charged and sentenced, as a second felony offender, to an aggregate prison term of 64 years to be followed by 20 years of postrelease supervision. He appeals.
The record does not support defendant’s contention that his 2008 guilty plea satisfied all potential charges arising out of his protracted sexual abuse of the victims so as to warrant dismissal of the instant indictment. Rather, the People specified during the plea colloquy that, as part of the agreement, the felony complaint charging defendant with rape in the first degree would be dismissed and the People would be precluded from pursuing that charge in the future. County Court then confirmed that defendant’s guilty plea was being taken in satisfaction of all charges with respect to his computer and the rape in the first degree charge. No explicit promises were made with regard to any other uncharged sex crimes being encompassed by defendant’s guilty plea, and any unstated intention or off-the-record promise to that effect is not entitled to judicial recognition inasmuch as it would be inconsistent with the terms and conditions of the plea agreement placed on the record (see Matter of Benjamin S., 55 NY2d 116, 120-121 [1982]; *1364 People v Walker, 26 AD3d 797, 798 [2006], lv denied 6 NY3d 854 [2006]; People v Van Nostrand, 217 AD2d 800, 801 [1995], lv denied 87 NY2d 851 [1995]; compare People v Oginski, 41 AD3d 1097, 1098 [2007]).[2]
Nor is the instant prosecution barred by the statutory double jeopardy provisions of CPL 40.20,[3] which, with certain enumerated exceptions, prohibits the separate prosecution of offenses “based upon the same act or criminal transaction” (CPL 40.20 [2]; see CPL 40.10 [2]). Here, the rape charged in the 2008 felony complaint arose out of a March 30, 2008 incident, whereas the four counts of the subject indictment charge a course of sexual conduct occurring from June 8, 2003 to June 8, 2004 (counts 1 and 2) and from June 8, 2005 to March 1, 2008 (counts 3 and 4). The conduct alleged in these two accusatory instruments occurred at different times and involve separate and distinct criminal acts that are not part of the same criminal transaction (see Matter of Martinucci v Becker, 50 AD3d 1293, 1293-1294 [2008], lv denied 10 NY3d 709 [2008]; People v Harris, 267 AD2d 1008, 1009-1010 [1999]; People v Van Nostrand, 217 AD2d at 801; People v Moore, 170 AD2d 847, 849 [1991], lv denied 77 NY2d 998 [1991]; cf. People v Fehr, 45 AD3d 920, 922 [2007], lv denied 10 NY3d 764 [2008]). Likewise, defendant’s 2008 possession of numerous pornographic videos of other children engaging in sexual performances is not part of the same criminal transaction as his acts of subjecting the victims to repeated acts of sexual abuse over the course of a more than four-year period commencing in June 2003 (see People v DeProspero, 91 AD3d 39, 44-45 [2011], affd 20 NY3d 527 [2013]; People v Batista, 282 AD2d 825, 826 [2001], lv denied 96 NY2d 825 [2001]).
We next address defendant’s claim that counsel was ineffective for failing to move to dismiss the indictment on statutory speedy trial grounds, mindful that “a failure of counsel to assert a meritorious statutory speedy trial claim is, by itself, a sufficiently egregious error to render a defendant’s representation ineffective” (People v St. Louis, 41 AD3d 897, 898 [2007]; see People v Lydecker, 116 AD3d 1160, 1161 [2014], lv denied 24 NY3d 962 [2014]; People v Garcia, 33 AD3d 1050, 1051-1052 *1365 [2006], lv denied 9 NY3d 844 [2007]). Where a defendant is charged with a felony, the People must be ready for trial within six months of the commencement of the criminal action (see CPL 30.30 [1] [a]; People v Cortes, 80 NY2d 201, 208 [1992]). “A criminal action is commenced when the first accusatory instrument is filed, and ‘includes the filing of all further accusatory instruments directly derived from the initial one’ ” (People v Nelson, 68 AD3d 1252, 1253 [2009], quoting CPL 1.20 [16] [b] [emphasis added]; see People v Lowman, 103 AD3d 976, 976-977 [2013]).
Defendant asserts that the indictment here directly derived from the April 2008 felony complaint charging him with rape in the first degree, such that it should relate back to the filing of the felony complaint for speedy trial purposes. As we have already concluded, however, the felony complaint and subsequently filed indictment charge conduct plainly arising from separate and distinct criminal transactions. Thus, the speedy trial time clock commenced to run upon the filing of the subject indictment, not the 2008 felony complaint (see People v Lowman, 103 AD3d at 977; People v Nelson, 68 AD3d at 1254; People v Fehr, 45 AD3d at 922; People v Lashway, 187 AD2d 747, 748 [1992], lv denied 81 NY2d 842 [1993]). As there is no dispute that the People announced their readiness for trial well within six months of the filing of the indictment, defendant was not denied his statutory right to a speedy trial and his counsel was not ineffective for failing to make a motion premised upon that ground (see People v Lydecker, 116 AD3d at 1162).
Finally, defendant failed to preserve for our review his contention that certain counts of the indictment are multiplicitous (see People v Ariosa, 100 AD3d 1264, 1267 [2012], lv denied 21 NY3d 1013 [2013]; People v Thompson, 34 AD3d 931, 932 [2006], lv denied 7 NY3d 929 [2006]).
McCarthy, Egan Jr. and Rose, JJ., concur. Ordered that the judgment is affirmed.

. Despite County Court’s oral representation that a written decision would be forthcoming addressing that portion of the motion, the record is bereft of any such document, and, according to representations made by counsel at oral argument in response to a query from the Court, no such decision ever issued.

. Further, any subjective belief by defendant that the plea would end all criminal exposure stemming from his sexual abuse of the victims is irrelevant (see People v Latham, 83 NY2d 233, 239 [1994]; People v Van Nostrand, 217 AD2d at 801).

. To the extent that defendant’s claim is based upon CPL 40.40, it has not been preserved for our review (see People v Tabor, 87 AD3d 829, 830 [2011]; People v Prescott, 104 AD2d 610, 611 [1984], affd 66 NY2d 216 [1985], cert denied 475 US 1150 [1986]).