*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  December 1, 2016                      108297
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v
                                          MEMORANDUM AND ORDER

KAJ-ERIK ERIKSEN, Also Known
    as RICHARD LEWIS,
                        Appellant.
_____

Calendar Date:  October 12, 2016

Before:  Peters, P.J., McCarthy, Lynch, Rose and Mulvey, JJ.

_____

        Cynthia Feathers, Glens Falls, for appellant.

        D. Holley Carnright, District Attorney, Kingston (Joan
Gudesblatt Lamb of counsel), for respondent.

_____

McCarthy, J.

        Appeal from a judgment of the County Court of Ulster County
(Williams, J.), rendered May 8, 2015, upon a verdict convicting
defendant of the crimes of predatory sexual assault against a
child, course of sexual conduct against a child in the first
degree, criminal sexual act in the second degree (two counts) and
criminal sexual act in the third degree.

        Defendant was charged in a five-count superceding
indictment with predatory sexual assault against a child, course
of sexual conduct against a child in the first degree, two counts
of criminal sexual act in the second degree and criminal sexual
act in the third degree.  These charges stemmed from allegations
that included that defendant, on occasions between the years of

2004 and 2012, touched the penises of three victims with his mouth and/or hands. The charges pertained to acts that occurred against the victims at varying ages, including acts occurring at times when the specified victim was less than 13 years old, less than 15 years old and less than 17 years old. Prior to trial, defendant moved to suppress statements that he had made during a police interview. After a suppression hearing, County Court denied defendant's motion. Thereafter, defendant proceeded to a jury trial upon the completion of which he was convicted as charged.

County Court sentenced defendant to 25 years to life in prison for the predatory sexual assault against a child conviction,[1] 25 years to life in prison followed by 20 years of postrelease supervision for the course of sexual conduct against a child in the first degree conviction, seven years in prison followed by 10 years of postrelease supervision for each of the criminal sexual act in the second degree convictions and four years in prison followed by 10 years of postrelease supervision for the criminal sexual act in the third degree conviction, with all sentences to run consecutively. Defendant now appeals, and we affirm.

County Court properly denied defendant's motion to suppress his statements to law enforcement as the proof established that defendant was not in custody prior to his receipt of Miranda warnings. Miranda safeguards are required if a suspect is subject to custodial interrogation by law enforcement officials (see People v Paulman, 5 NY3d 122, 129 [2005]). The custody inquiry "is informed by many factors, including the location, length and atmosphere of the questioning, whether police significantly restricted defendant's freedom of action, the degree of defendant's cooperation, and whether the questioning was accusatory or investigatory" (People v Chaplin, 134 AD3d 1148, 1150 [2015] [internal quotation marks and citations omitted], lv denied 27 NY3d 1067 [2016]). In contrast, proof regarding the unexpressed subjective beliefs of either the

_____

[1] The imposition of this sentence is further discussed herein.

suspect or the police officer are irrelevant (see Stansbury v California, 511 US 318, 323 [1994]; People v Reardon, 124 AD3d 681, 683 [2015], lv denied 26 NY3d 934 [2015]). Considering the relevant factors, the ultimate inquiry for "custodial status is whether a reasonable person innocent of any wrongdoing would have believed that he or she was not free to leave" (People v Paulman, 5 NY3d at 129).

The facts associated with defendant's police interview are largely uncontroverted. Two police detectives approached defendant when he arrived at the home of the mother of one of the victims. Defendant agreed to accompany the detectives to police headquarters – when asked to go there to discuss a police investigation – and he drove himself to the headquarters. Defendant was not handcuffed at any point or subject to any similar physical restraints, and he was never told he was not free to leave. A police investigator began an interview with defendant in an interview room. Eventually, defendant affirmatively stated that he felt that he was not free to leave, prompting the issuance of Miranda warnings prior to defendant continuing with the interview. Considering the evidence introduced at the suppression hearing, we find that a reasonable person innocent of wrongdoing placed in defendant's position would have felt free to leave prior to the issuance of the Miranda warnings (see People v Henry, 114 AD3d 1025, 1027 [2014], lv dismissed 22 NY3d 1199 [2014]; People v McCoy, 89 AD3d 1218, 1220 [2011], lvs denied 18 NY3d 959, 960 [2012]). Accordingly, County Court properly denied the suppression motion.

Turning to defendant's sentence, we disagree with defendant that he was sentenced to an aggregate prison term of 43 years to life in prison. Defendant reaches his conclusion by suggesting that County Court failed to impose a minimum indeterminate sentence of imprisonment for defendant's predatory sexual assault against a child conviction, which would be an illegal sentence.[2]

_____

[2] The legally permissible minimum period of imprisonment for that conviction was 10 to 25 years (see Penal Law §§ 130.96, 70.00 [3] [a] [ii]; see e.g. People v Reynolds, 81 AD3d 1166, 1166 [2011], lv denied 16 NY3d 898 [2011]).

The record as a whole, however, establishes that County Court imposed a prison sentence of 25 years to life for the conviction. In imposing sentence for the predatory sexual assault against a child conviction, County Court initially stated that defendant would "spend the remainder of [his] natural life in prison as the maximum sentence." Thereafter, County Court imposed a consecutive prison sentence of 25 years to life for the course of sexual conduct against a child in the first degree conviction. In explaining the consecutive nature of that second sentence, the court elaborated that "after 25 years you'll start your second 25-year sentence." Although the court ought to have initially stated the minimum indeterminate sentence that it wished to impose for the predatory sexual assault against a child conviction, the aforementioned reference to a previously imposed 25-year sentence of imprisonment adequately establishes that the court imposed a sentence of 25 years to life in prison for that conviction. Accordingly, the court sentenced defendant to an aggregate prison sentence of 68 years to life.[3]

Finally, we disagree with defendant that the sentence imposed was either harsh or excessive. Defendant's presentence investigation report establishes that defendant's adult life has been marked by his repeated sexual abuse of juvenile boys. Moreover, defendant's previous criminal convictions and imprisonment that were related to previous instances of child sexual abuse did not deter him from committing the extensive, repeated and abhorrent sexual abuse related to the instant convictions. Accordingly, we find no abuse of discretion or extraordinary circumstances that would warrant a reduction in his sentence (see People v Nelson, 68 AD3d 1252, 1256 [2009]; People v Dunton, 30 AD3d 828, 830 [2006], lv denied 7 NY3d 874 [2006]).

---

[3] By operation of law and pursuant to Penal Law § 70.30 (1) (e) (vi), the Department of Corrections and Community Supervision will recalculate the sentence to an aggregate prison term of 50 years (see People v Nelson, 68 AD3d 1252, 1256 [2009]; cf. People v Jabaut, 111 AD3d 1140, 1147 [2013], lv denied 22 NY3d 1139 [2014]).

Peters, P.J., Lynch, Rose and Mulvey, JJ., concur.


ORDERED that the judgment is affirmed.



ENTER:

Robert D. Mayberger
Clerk of the Court