■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VAN B. MURRAY, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Broomer, J.), rendered June 10, 1983, convicting him of petit larceny, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed, and the case is remitted to the Supreme Court, Kings County, for further proceedings pursuant to CPL 460.50 (5).

On February 23, 1981, the defendant was arrested and arraigned on a felony complaint in connection with the theft of $600 from one Marwan Shouman. It was alleged that the defendant, acting in his capacity as a real estate manager for the New York City Department of Housing Preservation and Development (hereinafter DHPD), falsely represented that the building in which Shouman's store was located was owned by the City of New York, and proceeded to accept $600 rent from Shouman. Further investigation into the defendant's conduct continued, and on September 25, 1981, a nine-count indictment was filed, charging the defendant in connection with the Shouman incident and charging him, *inter alia,* with various

counts of grand larceny in the third degree and petit larceny perpetrated upon the city. It was alleged, *inter alia,* that the defendant, in his capacity as a real estate manager, collected rents from three tenants of city-owned buildings, Maria Davila, Rodesta Byrd and Mary Means, and never turned the money over to the DHPD. The defendant was subsequently convicted of only one count of petit larceny in connection with Maria Davila.

On appeal the defendant challenges the court's denial, after a hearing (Pizzuto, J.), of his motion to dismiss the indictment under CPL 30.30 (1) (a). Under that provision, the time within which the People must be ready for trial begins to run upon commencement of the criminal action. While clearly the filing of a felony complaint signals the commencement of a criminal action (CPL 1.20 [1], [17]), at bar the felony complaint did not contain charges relating to the crime relevant on this appeal, that is, the criminal action which culminated in the defendant's conviction of petit larceny. Nor were the offenses charged part of the same criminal transaction, as the acts involved were not so closely related and connected in point of time and circumstance of commission as to constitute a single criminal incident or so closely related in criminal purpose or objective as to constitute elements or integral parts of a single criminal venture *(see,* CPL 40.10 [2]). Indeed, the only relationship between the offenses charged in the felony complaint and the offense of which the defendant was ultimately convicted is that the defendant's position as a real estate manager was allegedly used in the course of the commission of all of the crimes charged. The fact that the charges contained in the felony complaint are contained in the indictment which included the charge relevant at bar does not compel the conclusion that all the charges contained in the indictment are part of the criminal action which commenced with the filing of the complaint, because the indictment, in relevant part, was not "directly derived" from the felony complaint (CPL 1.20 [16]; *People v Sinistaj,* 67 NY2d 236, 241, n 4; *cf., People v Papa,* 96 AD2d 601). Since the indictment was the first accusatory instrument filed in the criminal action which culminated in the defendant's conviction, that action did not commence until the date upon which the indictment was filed, which was September 25, 1981 *(see,* CPL 1.20 [17]).

The entire period of postindictment delay involved is 367 days. Of those 367 days, 237 were conceded by the defendant at the hearing to be chargeable to him and 34 were conceded by the People to be chargeable to them. Simple addition

establishes that even if the entire period put in issue, 96 days, were charged to the People, the total period of delay not conceded by the defendant would not exceed six months. Thus, the readiness rule of CPL 30.30 (1) (a) was not violated, and dismissal of the indictment was not warranted on this basis.

The evidence adduced at trial, both direct and circumstantial, was sufficient to establish the essential elements of the crime beyond a reasonable doubt (see, People v Malizia, 62 NY2d 755, cert denied 469 US 932).

We have considered the defendant's contentions regarding the jury charge and find them to be either without merit or unpreserved for our review. Mangano, J. P., Bracken, Weinstein and Rubin, JJ., concur.