■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PHILIP J. SCHAFFER, Appellant. [608 NYS2d 8] —Appeals by the defendant from two judgments of the Supreme Court, Suffolk County (McInerney, J.), both rendered May 7, 1992, convicting him of criminal possession of a vehicle identification number (two counts), criminal possession of stolen property in the third degree (two counts), criminal possession of stolen property in the fourth degree (two counts), and falsifying business records in the first degree (three counts), under Indictment No. 604/91, and illegal possession of a vehicle identification number, under Indictment No. 1655/91, upon jury verdicts, and imposing sentences.

Ordered that the judgment under Indictment No. 604/91 is affirmed, and the case is remitted to the Supreme Court, Suffolk County, for further proceedings pursuant to CPL 460.50 (5); and it is further,

Ordered that judgment under Indictment No. 1655/91 is reversed, on the law, and that indictment is dismissed; no questions of fact were raised or considered.

With one exception, we reject the individual defendant's contentions that the charges against him, contained in two separate indictments were "directly derived" from two, prior-filed felony complaints *(cf., People v Osgood,* 52 NY2d 37, 43; CPL 1.20 [16]).

A review of the record reveals that the felony complaint and the subsequently-filed Indictment No. 604/91 alleged separate and distinct criminal transactions *(cf., People v Osgood, supra; see, People v Murray,* 127 AD2d 704). Accordingly, for the purposes of assessing the People's compliance with their speedy-trial obligations (CPL 30.30), the instant criminal action was commenced upon the filing of the indictment *(see, People v Murray, supra,* at 705). Since the People announced their readiness for trial within six months of the filing of the

indictment, the People complied with the requirements of CPL 30.30 (1) (a).

As to the sole count of Indictment No. 1655/91 of which the defendant was convicted, which charged the individual defendant with illegal possession of a vehicle identification number, the People concede, and the record demonstrates, that this count was directly derived from charges contained in the original felony complaints. When the commencement of the criminal action with respect to this count is measured from the date the felony complaints were filed, the People's statement of readiness was untimely, thereby requiring dismissal of that count as against the individual defendant.

We have reviewed the defendant's remaining contentions and find them to be without merit. Mangano, P. J., Thompson, Sullivan and Ritter, JJ., concur.