■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OTIS PERKINS, Appellant. [767 NYS2d 912]—Appeal by the defendant from a judgment of the County Court, Westchester County (Lange, J.), rendered July 6, 2000, convicting him of burglary in the second degree (two counts), criminal possession of stolen property in the third degree (three counts), grand larceny in the fourth degree (five counts), and criminal possession of stolen property in the fourth degree (four counts), upon a jury verdict, and sentencing him to two consecutive terms of imprisonment of 25 years to life on the convictions of burglary in the second degree, three concurrent terms of imprisonment of 3½ to 7 years on the convictions of criminal possession of stolen property, five concurrent terms of imprisonment of 2 to 4 years on the convictions of grand larceny in the fourth degree, and four concurrent terms of imprisonment of 2 to 4 years on the convictions of criminal possession of stolen property in the fourth degree, to run concurrently with the consecutive terms of imprisonment of 25 years to life on the convictions of burglary in the second degree.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by providing that all the terms of imprisonment shall run concurrently with each other; as so modified, the judgment is affirmed.

The defendant's contention that the counts in the instant indictment were directly derived from a previously-filed felony

complaint for the purpose of applying the six-month speedy trial limitation prescribed by CPL 30.30 (1) (a) is without merit (*see People v Sinistaj,* 67 NY2d 236 [1986]; *People v Osgood,* 52 NY2d 37 [1980]; *People v Schaffer,* 200 AD2d 695 [1994]; *People v Murray,* 127 AD2d 704 [1987]; *cf. People v Chetrick,* 255 AD2d 392 [1998]).

The sentences are excessive to the extent indicated herein.

The defendant's remaining contentions either are unpreserved for appellate review (*see* CPL 470.05) or without merit. Florio, J.P., Friedmann, H. Miller and Mastro, JJ., concur.