■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v DAVID SANT, Respondent. [990 NYS2d 630]—

Appeal by the People, as limited by their brief, from so much of an order of the County Court, Suffolk County (Weber, J.), dated February 21, 2012, as, after a hearing, granted that branch of the defendant's motion pursuant to CPL 30.30 which was to dismiss the indictment on the ground that he was deprived of his statutory right to a speedy trial.

Ordered that the order is modified, on the law and the facts, by deleting the provision thereof granting that branch of the defendant's motion pursuant to CPL 30.30 which was to dismiss counts three through six of the indictment on the ground that he was deprived of his statutory right to a speedy trial, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, counts three through six of the indictment are reinstated, and the matter is remitted to the County Court, Suffolk County, for further proceedings on those counts of the indictment.

On February 6, 2009, the defendant was charged and arraigned by felony complaint (hereinafter the February 2009 docket) as to crimes arising from his alleged possession, on October 10, 2008, of a stolen all-terrain vehicle (hereinafter ATV). On August 7, 2009, the defendant was charged and arraigned by felony complaints (hereinafter the August 2009 dockets) as to crimes arising from his alleged possession, on February 5, 2009, of two other stolen ATVs. On May 18, 2010, the defendant was arraigned on an indictment containing six counts. Counts one and two charged the defendant with the criminal transactions alleged in the felony complaint previously pending under the February 2009 docket, and counts three through six charged him with the criminal transactions alleged in the felony complaints previously pending under the August 2009 dockets. On that day, May 18, 2010, the People announced their readiness for trial.

On or about October 25, 2010, the defendant moved, inter alia, pursuant to CPL 30.30, to dismiss the indictment on the ground that he was deprived of his statutory right to a speedy trial. In an order dated January 31, 2012, the County Court determined that two time periods were chargeable to the People, July 15, 2009, to September 16, 2009, and January 13, 2010, to March 17, 2010. The court directed that a hearing be held as to whether there were any other periods chargeable to the People that were not charged pursuant to its order.

Following a hearing, the County Court issued an order dated February 21, 2012, which is the subject of this appeal, in which it concluded that the defendant was deprived of his statutory right to a speedy trial. The court determined that the People were chargeable with 194 days of delay between the commencement date of the defendant's prosecution, February 6, 2009, and his arraignment on the indictment on May 18, 2010, and dismissed the indictment in its entirety.

Contrary to the defendant's position, the People's contention that a separate speedy trial time period should have been applied to counts three through six of the indictment is preserved for appellate review (*see* CPL 470.05 [2]).

Where a defendant is charged with a felony, CPL 30.30 requires the People to be ready for trial within six months of the commencement of the criminal action (*see* CPL 30.30 [1] [a]; *People v Cortes*, 80 NY2d 201, 208 [1992]). A criminal action is commenced when the first accusatory instrument is filed, and "includes the filing of all further accusatory instruments directly derived from the initial one" (CPL 1.20 [16] [b]; *see People v Sinistaj*, 67 NY2d 236, 239 [1986]). Therefore, subsequent accusatory instruments that are "directly derived" from the first instrument will relate back to the first instrument for purposes of assessing the People's compliance with their speedy trial obligations (*People v Sinistaj*, 67 NY2d at 241 n 4 [internal quotation marks omitted]; *see People v Lomax*, 50 NY2d 351, 356 [1980]; *People ex rel. Greenstein v Sheriff of Schenectady County*, 220 AD2d 190, 193 [1996]). The filing of a felony complaint signals the commencement of a criminal action (*see* CPL 1.20 [1], [17]). Where, however, "the felony complaint and subsequently filed indictment allege separate and distinct criminal transactions, the speedy trial time clock commences to run upon the filing of the indictment with respect to the new charges" (*People v Dearstyne*, 230 AD2d 953, 955 [1996]; *see People v Nelson*, 68 AD3d 1252, 1254 [2009]).

As the People correctly contend, counts three through six of the indictment did not directly derive from the felony complaint

filed on February 6, 2009, under the February 2009 docket, for the purpose of calculating the six-month speedy trial limitation prescribed by CPL 30.30 (1) (a). Although counts one and two of the indictment directly derive from the charges in the February 2009 docket, counts three through six of the indictment do not. Counts three through six charge the defendant with crimes based upon acts alleged to have occurred on February 5, 2009, and allege that the defendant possessed two ATVs different from the ATV that the February 2009 docket alleges that the defendant possessed. Counts three through six allege separate and distinct criminal transactions from those that were charged in the February 2009 docket, and thus do not directly derive from the felony complaint filed on February 6, 2009 (*see People v Dearstyne*, 230 AD2d at 955; *People v Schaffer*, 200 AD2d 695, 695 [1994]; *People v Murray*, 127 AD2d 704, 705 [1987]). Counts three through six of the indictment relate back to the felony complaints filed on August 7, 2009. Accordingly, the speedy trial time clock for these counts commenced to run on August 7, 2009. As a result, as to counts three through six of the indictment, the People should not have been charged with any speedy trial time prior to August 7, 2009. Since, pursuant to the County Court's January 31, 2012, order, the People were charged with a delay of 41 days from August 7, 2009, to September 16, 2009, and 63 days from January 13, 2010, to March 17, 2010, for a total of 104 days, the People complied with their speedy trial obligations under CPL 30.30 (1) (a) (*see People v Anderson*, 252 AD2d 399, 401 [1998]). Accordingly, counts three through six were improperly dismissed.

The People's remaining contentions are without merit. Mastro, J.P., Dickerson, Hinds-Radix and Duffy, JJ., concur.