People v Henry (2021 NY Slip Op 01624)





People v Henry


2021 NY Slip Op 01624


Decided on March 19, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 19, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, LINDLEY, TROUTMAN, AND BANNISTER, JJ.


307 KA 18-02404

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
RODERICK G. HENRY, II, DEFENDANT-APPELLANT. 






M. BENJAMIN SUSMAN, AUBURN, FOR DEFENDANT-APPELLANT. 
JON E. BUDELMANN, DISTRICT ATTORNEY, AUBURN (CHRISTOPHER T. VALDINA OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Cayuga County Court (Mark H. Fandrich, A.J.), rendered September 25, 2018. The judgment convicted defendant upon a plea of guilty of failure to report a change of address as a sex offender. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon his plea of guilty of failure to report a change of address as a sex offender (Correction Law § 168—f [4]), defendant contends that County Court erred in imposing an enhanced sentence without affording him the opportunity to withdraw his plea. Defendant failed to preserve his contention for our review inasmuch as he "did not object to the enhanced sentence, and he did not move to withdraw the plea or to vacate the judgment of conviction on that ground" (People v Pryce, 148 AD3d 1629, 1630 [4th Dept 2017], lv denied 29 NY3d 1085 [2017]; see People v Sprague, 82 AD3d 1649, 1649 [4th Dept 2011], lv denied 17 NY3d 801 [2011]).
In any event, defendant's contention lacks merit. During the plea proceeding, the court advised defendant that it would not be bound by the plea agreement to impose the promised sentence if, among other things, he failed to appear for sentencing. The court further advised defendant that it could impose the maximum sentence if he failed to appear for sentencing and that he would not be allowed to withdraw his plea. Defendant failed to appear for sentencing and was arrested several weeks later in North Carolina. "By failing to appear at the scheduled sentencing, defendant violated the terms of the plea agreement and [the] [c]ourt was no longer bound by the agreed-upon sentence" (People v Goodman, 79 AD3d 1285, 1286 [3d Dept 2010]; see
People v Figgins, 87 NY2d 840, 841 [1995]).
Entered: March 19, 2021
Mark W. Bennett
Clerk of the Court