People v Terry (2022 NY Slip Op 01655)





People v Terry


2022 NY Slip Op 01655


Decided on March 11, 2022


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 11, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CENTRA, LINDLEY, CURRAN, AND BANNISTER, JJ.


155 KA 20-00242

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
LORENZO TERRY, ALSO KNOWN AS TONE, ALSO KNOWN AS TONY, ALSO KNOWN AS LORENZO A. TERRY, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ERIN A. TRESMOND OF COUNSEL), FOR DEFENDANT-APPELLANT. 
LAWRENCE FRIEDMAN, DISTRICT ATTORNEY, BATAVIA (ROBERT J. SHOEMAKER OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Genesee County Court (Charles N. Zambito, J.), rendered November 14, 2019. The judgment convicted defendant upon his plea of guilty of criminal possession of a controlled substance in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon his plea of guilty of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]), defendant contends that his waiver of the right to appeal is invalid and that his sentence is unduly harsh and severe. Even assuming, arguendo, that defendant's waiver of the right to appeal is invalid and therefore does not preclude his challenges to the severity of the sentence (see People v Hoffman, 191 AD3d 1262, 1263 [4th Dept 2021], lv denied 36 NY3d 1097 [2021]), we conclude that the sentence is not unduly harsh or severe.
Entered: March 11, 2022
Ann Dillon Flynn
Clerk of the Court