People v Baker (2022 NY Slip Op 02734)

People v Baker

2022 NY Slip Op 02734

Decided on April 22, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 22, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, CURRAN, AND WINSLOW, JJ.

1167 KA 20-00949

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
KRISTINE M. BAKER, DEFENDANT-APPELLANT. 

KEEM APPEALS, PLLC, SYRACUSE (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT.
GREGORY S. OAKES, DISTRICT ATTORNEY, OSWEGO (AMY L. HALLENBECK OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Oswego County Court (Donald E. Todd, J.), rendered January 27, 2020. The judgment convicted defendant upon her plea of guilty of robbery in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting her upon her plea of guilty of robbery in the second degree (Penal Law § 160.10 [1]), defendant contends that County Court erred in imposing an enhanced sentence and that the enhanced sentence is unduly harsh and severe. We affirm.
During the plea proceeding but after she had waived her right to appeal, the court advised defendant that it would not be bound by the plea agreement to impose the promised sentence of, at most, 4½ years of imprisonment plus five years of postrelease supervision if, among other things, defendant was arrested on new charges prior to sentencing or defendant failed to appear for sentencing. The court further advised defendant that it could impose the maximum sentence if she violated either of those conditions. Defendant was arrested after entering her plea and failed to appear for one of the adjourned sentencing and Outley hearing dates. As a result, the court determined that defendant had violated the terms of her plea agreement and sentenced her to 5½ years in prison with five years of postrelease supervision.
Initially, we note that defendant's waiver of the right to appeal does not encompass her contentions on appeal because the court failed to advise her "of either the conduct that could result in the imposition of an enhanced sentence . . . or the potential periods of incarceration for an enhanced sentence" before she waived her right to appeal (People v Sundown, 305 AD2d 1075, 1075-1076 [4th Dept 2003]; see People v Semple, 23 AD3d 1058, 1059 [4th Dept 2005], lv denied 6 NY3d 852 [2006]; cf. People v May, 169 AD3d 1365, 1365 [4th Dept 2019]).
We nevertheless reject defendant's contention that the court erred in imposing an enhanced sentence. Defendant failed to raise in the sentencing court the contention that an enhanced sentence could not be imposed because the People did not establish her arrest, and thus that contention is unpreserved for appellate review (see generally People v Harris, 289 AD2d 1068, 1068 [4th Dept 2001], lv denied 98 NY2d 637 [2002]; People v Miles, 268 AD2d 489, 490 [2d Dept 2000], lv denied 95 NY2d 800 [2000]). Contrary to defendant's further contention, the court properly determined that there was a legitimate basis for her arrest. At the Outley hearing, the complainant testified that defendant brandished a knife and threatened to stab the complainant before spraying the complainant with pepper spray. The court therefore properly imposed an enhanced sentence on the basis that defendant had violated the "no-arrest condition" of her plea agreement (People v Outley, 80 NY2d 702, 713 [1993]; see People v Fumia, 104 AD3d 1281, 1281-1282 [4th Dept 2013], lv denied 21 NY3d 1004 [2013]). In any event, [*2]because defendant failed to appear at a scheduled sentencing date, defendant violated another condition of the plea agreement and, on that basis, the court "was no longer bound by the agreed-upon sentence" (People v Henry, 192 AD3d 1504, 1505 [4th Dept 2021] [internal quotation marks omitted]; see People v Figgins, 87 NY2d 840, 841 [1995]). Contrary to defendant's assertion, the court warned defendant at the time it adjourned sentencing and scheduled the Outley hearing that her failure to appear could result in an enhanced sentence. We reject defendant's alternative contention that she presented a reasonable excuse for her absence (see People v Gonzales, 231 AD2d 939, 940 [4th Dept 1996], lv denied 89 NY2d 923 [1996]).
Finally, we reject defendant's contention that the enhanced sentence is unduly harsh and severe.
Entered: April 22, 2022
Ann Dillon Flynn
Clerk of the Court