People v Tennant (2023 NY Slip Op 03634)

People v Tennant

2023 NY Slip Op 03634

Decided on June 30, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 30, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, MONTOUR, AND OGDEN, JJ.

493 KA 21-00483

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
RICHARD D. TENNANT, JR., DEFENDANT-APPELLANT. 

PETER J. DIGIORGIO, JR., UTICA, FOR DEFENDANT-APPELLANT.
SCOTT D. MCNAMARA, DISTRICT ATTORNEY, UTICA (MICHAEL A. LABELLA OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Oneida County Court (Robert Bauer, J.), rendered February 5, 2021. The judgment convicted defendant upon his plea of guilty of burglary in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon his plea of guilty of burglary in the second degree (Penal Law § 140.25 [2]), defendant contends that his waiver of the right to appeal is invalid and that the enhanced sentence is unduly harsh and severe. Even assuming, arguendo, that defendant's waiver of the right to appeal was not knowingly, voluntarily and intelligently entered (see People v Terry, 203 AD3d 1578, 1578 [4th Dept 2022], lv denied 38 NY3d 1010 [2022]) or otherwise does not encompass his challenge to the severity of the sentence (see People v Baker, 204 AD3d 1471, 1471 [4th Dept 2022], lv denied 38 NY3d 1069 [2022]), we perceive no basis in the record to exercise our power to modify the sentence as a matter of discretion in the interest of justice (see CPL 470.15 [6] [b]).
Although defendant further contends that County Court erred in imposing an enhanced sentence without conducting a hearing pursuant to People v Outley (80 NY2d 702 [1993]), defendant failed to preserve that contention for our review (see People v Peckham, 195 AD3d 1437, 1437 [4th Dept 2021], lv denied 37 NY3d 994 [2021]). In any event, the record establishes that defendant, who failed to appear for sentencing and was arrested on new felony charges after he had pleaded guilty, admitted in open court that he had violated the conditions of the court's sentence promise, thus obviating the need for a hearing.
We have reviewed defendant's remaining contentions and conclude
that none warrants modification or reversal of the judgment.
Entered: June 30, 2023
Ann Dillon Flynn
Clerk of the Court