People v Loomis (2024 NY Slip Op 02443)

People v Loomis

2024 NY Slip Op 02443

Decided on May 3, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 3, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CURRAN, BANNISTER, GREENWOOD, AND KEANE, JJ.

294 KA 22-00853

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JASON LOOMIS, DEFENDANT-APPELLANT. 

TODD G. MONAHAN, LITTLE FALLS, FOR DEFENDANT-APPELLANT.
KRISTYNA S. MILLS, DISTRICT ATTORNEY, WATERTOWN (MORGAN R. MAYER OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Jefferson County Court (Daniel R. King, A.J.), rendered July 29, 2020. The judgment convicted defendant upon a guilty plea of criminal sexual act in the second degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon his guilty plea of two counts of criminal sexual act in the second degree (Penal Law § 130.45 [1]), defendant contends that the enhanced sentence is unduly harsh and severe. Even assuming, arguendo, that defendant's waiver of the right to appeal was not knowingly, voluntarily and intelligently entered (see People v Fox, 204 AD3d 1452, 1453-1454 [4th Dept 2022], lv denied 39 NY3d 940 [2022]; see generally People v Thomas, 34 NY3d 545, 562 [2019], cert denied — US —, 140 S Ct 2634 [2020]) or otherwise does not encompass his challenge to the severity of the sentence (see People v Tennant, 217 AD3d 1564, 1564 [4th Dept 2023]; People v Baker, 204 AD3d 1471, 1471 [4th Dept 2022], lv denied 38 NY3d 1069 [2022]), we perceive no basis in the record to exercise our power to modify the sentence as a matter of discretion in the interest of justice (see CPL 470.15 [6] [b]).
Entered: May 3, 2024
Ann Dillon Flynn
Clerk of the Court