People v Lyon (2024 NY Slip Op 02629)

People v Lyon

2024 NY Slip Op 02629

Decided on May 10, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 10, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., BANNISTER, MONTOUR, NOWAK, AND KEANE, JJ.

253 KA 22-01986

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
SHAWN M. LYON, DEFENDANT-APPELLANT. 

NICHOLAS A. PASSALACQUA, UTICA, FOR DEFENDANT-APPELLANT.
TODD C. CARVILLE, DISTRICT ATTORNEY, UTICA (DAWN CATERA LUPI OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Oneida County Court (Robert Bauer, J.), rendered September 19, 2022. The judgment convicted defendant, upon his plea of guilty, of criminal sexual act in the third degree (two counts) and rape in the third degree (four counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: In this prosecution arising from multiple incidents in which defendant separately engaged in sexual activity with two teenage female victims, defendant appeals from a judgment convicting him, upon his plea of guilty, of four counts of rape in the third degree (Penal Law § 130.25 [2]) and two counts of criminal sexual act in the third degree (§ 130.40 [2]). We affirm.
Even assuming, arguendo, that defendant's waiver of the right to appeal is invalid (see People v Tennant, 217 AD3d 1564, 1564 [4th Dept 2023]; see generally People v Thomas, 34 NY3d 545, 564-566 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]) and therefore does not preclude our review of his contention that he was denied his statutory right to a speedy trial (cf. People v Paduano, 84 AD3d 1730, 1730 [4th Dept 2011]), we conclude that defendant's contention lacks merit. Although counts 11-14 of the indictment were based on the same incident of sexual activity between defendant and the first victim as alleged in the earlier filed felony complaint, the remaining counts in the indictment were not "based upon several groups of acts 'so closely related and connected in point of time and circumstance of commission as to constitute a single criminal incident' " (People v Stone, 265 AD2d 891, 892 [4th Dept 1999], lv denied 94 NY2d 907 [2000]) inasmuch as counts 1-10 charged defendant for conduct arising from "separate and distinct" incidents of sexual activity with the first victim that preceded the incident that was the subject of the felony complaint and counts 15-27 charged defendant for conduct arising from "separate and distinct" incidents of sexual activity with the second victim that were not the subject of the felony complaint (People v Lowman, 103 AD3d 976, 977 [3d Dept 2013]; see People v Crowell, 130 AD3d 1362, 1362-1365 [3d Dept 2015], lv denied 26 NY3d 1144 [2016], cert denied 580 US 1202 [2017]; People v Sant, 120 AD3d 517, 517-519 [2d Dept 2014]; People v Fehr, 45 AD3d 920, 920-922 [3d Dept 2007], lv denied 10 NY3d 764 [2008]). Consequently, County Court properly dismissed counts 11-14 of the indictment inasmuch as those counts related back for purposes of CPL 30.30 (1) (a) to the filing of the felony complaint and the People were not ready for trial within the requisite time period; however, contrary to defendant's contention, the court properly refused to dismiss counts 1-10 and counts 15-27 because those counts related back to the filing of the indictment and it is uncontested that the People were thereafter ready for trial within the requisite time period with respect to those counts (see Lowman, 103 AD3d at 977-978; see also Crowell, 130 AD3d at 1365).
Entered: May 10, 2024
Ann Dillon Flynn
Clerk of the Court