People v Williams (2025 NY Slip Op 01464)

People v Williams

2025 NY Slip Op 01464

Decided on March 14, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 14, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: BANNISTER, J.P., SMITH, OGDEN, NOWAK, AND HANNAH, JJ.

73 KA 22-01416

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DAMONE WILLIAMS, DEFENDANT-APPELLANT. 

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ERIN A. TRESMOND OF COUNSEL), FOR DEFENDANT-APPELLANT.
MICHAEL J. KEANE, ACTING DISTRICT ATTORNEY, BUFFALO (MINDY F. VANLEUVAN OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Erie County Court (Susan M. Eagan, J.), rendered July 21, 2022. The judgment convicted defendant upon his plea of guilty of attempted robbery in the second degree (two counts) and robbery in the second degree (three counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon his plea of guilty of two counts of attempted robbery in the second degree (Penal Law §§ 110.00, 160.10 [2] [b]) and three counts of robbery in the second degree (§ 160.10 [2] [b]), defendant contends that his waiver of the right to appeal is invalid and that the sentence is unduly harsh and severe. Even assuming, arguendo, that defendant's waiver of the right to appeal was not knowingly, voluntarily, and intelligently entered (see People v Thomas, 34 NY3d 545, 564-566 [2019], cert denied — US —, 140 S Ct 2634 [2020]; People v McKnight, 230 AD3d 1544, 1544 [4th Dept 2024], lv denied 42 NY3d 1053 [2024]; People v Dumas, 227 AD3d 1509, 1509 [4th Dept 2024]) or otherwise does not encompass his challenge to the severity of the sentence (see People v Loomis, 227 AD3d 1461, 1461 [4th Dept 2024]; People v Tennant, 217 AD3d 1564, 1564 [4th Dept 2023]), we conclude that the sentence is not unduly harsh or severe.
Entered: March 14, 2025
Ann Dillon Flynn
Clerk of the Court