People v Simmonds (2025 NY Slip Op 03448)

People v Simmonds

2025 NY Slip Op 03448

Decided on June 6, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 6, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CURRAN, J.P., BANNISTER, SMITH, DELCONTE, AND HANNAH, JJ.

321 KA 24-01537

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MELIQ SIMMONDS, DEFENDANT-APPELLANT. 

FRANK POLICELLI, UTICA, FOR DEFENDANT-APPELLANT.
TODD C. CARVILLE, DISTRICT ATTORNEY, UTICA (DAWN CATERA LUPI OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Oneida County Court (Robert Bauer, J.), rendered January 2, 2024. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree and criminal possession of a firearm. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon a plea of guilty, of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]) and criminal possession of a firearm (§ 265.01-b [1]). Even assuming, arguendo, that defendant's waiver of the right to appeal is invalid (see People v Lyon, 227 AD3d 1521, 1522 [4th Dept 2024], lv denied 42 NY3d 928 [2024]; People v Tennant, 217 AD3d 1564, 1564 [4th Dept 2023]; see generally People v Thomas, 34 NY3d 545, 564-566 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]) and thus does not preclude our review of his challenge to the severity of the sentence (see People v Mendoza, 37 NY3d 1075, 1076 [2021]), we nevertheless conclude that the sentence is not unduly harsh or severe.
Entered: June 6, 2025
Ann Dillon Flynn
Clerk of the Court