People v Reed (2025 NY Slip Op 07186)

People v Reed

2025 NY Slip Op 07186

Decided on December 23, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 23, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: MONTOUR, J.P., SMITH, OGDEN, GREENWOOD, AND DELCONTE, JJ.

935 KA 24-00428

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
BENJI REED, JR., DEFENDANT-APPELLANT. 

ADAM AMIRAULT, BUFFALO, FOR DEFENDANT-APPELLANT.
TODD C. CARVILLE, DISTRICT ATTORNEY, UTICA (MICHAEL A. LABELLA OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Oneida County Court (Robert Bauer, J.), rendered April 26, 2023. The judgment convicted defendant, upon his plea of guilty, of attempted assault in the first degree and criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon a plea of guilty, of attempted assault in the first degree (Penal Law §§ 110.00, 120.10 [1]) and criminal possession of a weapon in the second degree (§ 265.03 [3]). Even assuming, arguendo, that defendant's waiver of the right to appeal is invalid (see People v Lyon, 227 AD3d 1521, 1522 [4th Dept 2024], lv denied 42 NY3d 928 [2024]; People v Tennant, 217 AD3d 1564, 1564 [4th Dept 2023]; see generally People v Thomas, 34 NY3d 545, 564-566 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]) and thus does not preclude our review of his challenge to the severity of the sentence (see People v Mendoza, 37 NY3d 1075, 1076 [2021]), we nevertheless conclude that the sentence is not unduly harsh or severe.
Entered: December 23, 2025
Ann Dillon Flynn
Clerk of the Court